THE STATE v. BALLARD, *Appellant.*

.DIVISION TWO.

1. **Criminal Practice**: VARIANCE: EXCEPTIONS. Under Revised Statutes, 1879, section 1820, the objection of variance between the charge in the indictment and proof of the description of anything named therein must be specially raised in the trial court and exceptions thereto duly saved.

2. ———: FAILURE OF PROOF. Where, however, the evidence shows a total failure of proof of defendant's guilt, the supreme court will review the same, although the attention of the trial court was not specially called thereto.

3. ———: ———. The evidence in this case examined and *held* to show an entire failure of proof that defendant was guilty of the larceny of the cow as charged.

4. ———: ———. The evidence in a criminal case which merely raises a suspicion of guilt is insufficient to sustain a conviction.

*Appeal from Carter Circuit Court.*—HON. J. G. WEAR, Judge.

REVERSED AND REMANDED.

*C. D. Yancey* for appellant.

(1) This is a case of total failure of proof, and for that reason the judgment should be reversed. (2) The court as appears from the record wholly failed to instruct the jury, which was reversible error. *State v. Banks*, 73 Mo. 568; *State v. Palmer*, 88 Mo. 592; 10 Mo. App. 111; 16 Mo. App. 556.

*John M. Wood*, Attorney General, for the State.

(1) The court before which the case was tried did not find that the variance, if any, between the description of the cow as described in the indictment and as

described in the evidence and between the name of "William Bowman, Sr.," as charged in the indictment, and "William Bowman" as testified by the witness, was material to the merits of the cause or prejudicial to the defense of defendant. The statute governs this, and the variance was immaterial and did not entitle defendant to an acquittal, and does not authorize the reversal of this case. R. S., sec. 4114; *State v. Baker*, 64 Mo. 282; *State v. Bibb*, 68 Mo. 286; *State v. Hammond*, 77 Mo. 157; *State v. Smith*, 80 Mo. 516, and other cases cited. (2) It does not appear from the record that the court wholly failed to instruct the jury as contended by appellant, but it does appear that the instructions were not incorporated in the bill of exceptions and they must, therefore, be presumed to be correct. However, this is not one of the grounds assigned in the motion for a new trial. *State v. Reed*, 89 Mo. 168; *State v. Burk*, 89 Mo. 635; *State v. Emory*, 79 Mo. 461; *State v. Preston*, 77 Mo. 294. In fact the motion states that the court erred in giving instructions. (3) Really the only point properly saved and assigned in the motion for a new trial is, that the evidence was insufficient to sustain the verdict. The record wholly fails to sustain this contention. The testimony clearly established defendant's guilt, and the judgment should be affirmed.

MACFARLANE, J.—Defendant was indicted for the larceny of "one red brindle, white, line back cow," the property of William Bowman, Sr.

William Bowman testified that a "red and white spotted, line back cow" was taken away or missed from his cattle on the twenty-third of October, 1885. Henry Detmers, a butcher at Piedmont, testified that in October or November, 1885, he bought between three and five head of cattle from defendant. One was a red and white spotted cow." She was marked in the right ear, standing before the cow. She had been newly marked and had a chain about her horns.

The State v. Ballard.

Defendant offered to pay Bowman for the cow. Bowman asked him, "Why he wanted to pay for the cow if he had not taken her. He said he wanted to get out of it, and not have the name of it."

Defendant testified that in October, 1885, he sold five head of cattle to Detmers in Piedmont; one was a "red and white pieded cow" he bought from John Martin about the same time.

Defendant did not incorporate in his bill of exceptions the instructions given or refused by the court, and we must presume that no error was committed in its instructions to the jury.

The only question appearing upon the record about which any doubt arises is, whether the evidence was sufficient to justify the conviction. If the proceeding was according to the common law, the variance between the charges in the indictment and the proof offered in their support would have been fatal.

Though it would not be necessary, in an indictment for stealing the domestic animals made by the statute subject of grand larceny, to give specific description of such animals stolen, when such description is given it will not, in proceedings at common law, be treated as surplusage but must be proved substantially as alleged. Wharton Crim. Ev., sec. 146 ; Benson, v. State, 1 Tex. App. 7 ; Hubotter v. The State, 32 Tex. 483.

The common law has been greatly modified by section 1820, Revised Statutes, 1879, which provides that variance between the charge in the indictment, and the evidence offered in proof thereof, in the description of any matter or thing whatever therein named or described, " shall not be deemed grounds for an acquittal of the defendant unless the court, before which the trial shall be had, shall find that such variance is material to the merits of the case and prejudicial to the defense of the defendant."

This statute was designed to remove all purely technical objections on account of variances which do

not prejudice the substantive rights of the defendant. Under this statute objections on account of variance must, in the first instance, be specially addressed to the trial court, and its action in ruling on the question can only be reviewed upon exceptions saved at the time. Such objections cannot be raised for the first time in the appellate court. The record fails to show that the matter of variance was brought to the attention of the trial court, and it cannot be considered here.

It is insisted also that there was not only a variance between the allegations and proof, but a total failure of proof that defendant was guilty of the larceny of the cow belonging to Bowman, as charged in the indictment. This contention, we think, well founded. The variance between the description of the cow as given in the indictment, and that of the cow proved to have been stolen, would not avail defendant unless the circuit court found that such variance was prejudicial to him. In this case, however, the only proof that defendant ever had the cow, alleged to have been stolen, in his possession was that of the butcher who testified that about the time of the loss of the cow he bought one from defendant. Bowman describes the cow as a " red and white spotted, line back cow," while the cow found in the possession of defendant was described as a " red and white spotted cow." There was no other identification of the cow stolen with the cow in defendant's possession than the description thus given of them. The " lined back " was the descriptive flesh mark of the stolen cow. This noticeable mark does not appear as a characteristic feature of the cow defendant sold, as described by the butcher. The evidence was barely sufficient to raise a suspicion against defendant that he sold the cow Bowman lost.

No one should be convicted of a felony on a mere suspicion of his guilt. Judgment reversed and cause remanded.