.THE STATE OF MISSOURI, Respondent, v. JOSEPH M. CAVANAUGH, Appellant.

Kansas City Court of Appeals, May 4 and November 9, 1896.

1. **Embezzlement**: AGENCY: VARIANCE: OBJECTION. Where the assignor of an account has charge of the collection thereof, an indictment for embezzling the proceeds against the constable collecting the same may lay the ownership in the assignor; and, moreover, such variance can not affect the result in the appellate court, unless special objection and exception were made and saved in the trial court.

2. **Appellate Practice**: JURY FINDING: EVIDENCE. Where there is evidence supporting the jury's finding, the appellate court accepts the same; and in this case the evidence justifies the finding.

*Appeal from the Lafayette Circuit Court.*—HON. J. D. SHEWALTER, Special Judge.

AFFIRMED.

*U. G. Phetzing* for appellant.

(1) Defendant claims that the evidence in this case shows that Huber, the prosecuting witness, had no interest whatever in the Stewart account. He was neither a special nor general owner. (2) Granting that the said prosecuting witness had a general or special ownership in said account, he was then authorized to contract for the collection. The statutes, sec-

tion 4997, fix no fees nor per centage that a constable can charge for collecting accounts. Section 2383 requires him to accept accounts or claims if offered. Where no compensation has been allowed by law, officers can contract. Throop on Public Officers, sec. 481. (3) We respectfully submit that there is no legal evidence to support the verdict, and that the judgment below should be reversed and defendant discharged.

*William Aull* for respondent.

(1) Instruction 9 given for the state is undoubted law and was properly given. R. S. Mo. 1889, sec. 4114; Kelley's Criminal Law and Practice, p. 434, sec. 649; *State v. Moore*, 101 Mo. 316; *State v. Meyers*, 82 Mo. 558; Bishop on Crim. Law, secs. 566, 824; Whart. on Crim. Law [9 Ed.], sec. 932 A; *State v. Barker*, 64 Mo. 282; *State v. Wannack*, 70 Mo. 410; *State v. Sharp*, 71 Mo. 218; *State v. Smith*, 80 Mo. 516; *State v. Pullen*, 43 Mo. App. 622. Such objections as are made to this instruction on the ground of variance as to the ownership can not be raised for the first time in the appellate court. *State v. Ballard*, 104 Mo. 636. (2) The verdict as rendered upon the second count was proper and no ground for reversal. *State v. Noland*, 111 Mo. 500; *State v. Whitton*, 68 Mo. 91; *State v. Jennings*, 18 Mo. 435; *State v. Hays*, 78 Mo. 600; *State v. Houx*, 109 Mo. 654.

ELLISON, J.—The defendant was indicted, tried, and convicted for embezzlement of a sum of money under $30, his punishment being assessed at a fine of $100.

The first point made here against the judgment of conviction is that Huber, who was alleged to be the owner of the money embezzled, was shown by the

evidence not to be the general or special owner thereof. The facts were these, as the evidence tended to show: The defendant was a constable and Huber turned over to him, as such, an account to collect from one Stewart, of $9.90. Defendant collected the account in full, or at least all of it but ninety cents, and failed to account to Huber for the full amount, the evidence tending to show that he stated he had only collected $7, and of this that he only accounted for $4. The evidence further showed, as defendant contends, and we shall assume, that the account, though originally due Huber, had been by him conveyed by chattel mortgage to other parties and that it had also been by him assigned to his wife, the chattel mortgage having also been foreclosed. But it further appeared that the account was in his hands as agent to bring about its collection. Under such circumstances in evidence the indictment may properly charge him to have been the owner. *State v. Moore*, 101 Mo. 316. But if not proper, it was not such a variance as should have affected the result. R. S. 1889, sec. 4114. Besides, if it was a variance, it would have been necessary to have called the trial court's special attention to the same and save an exception to an adverse ruling thereon. *State v. Ballard*, 104 Mo. 636.

Defendant suggests that he was authorized to contract with Huber for compensation for collecting the accounts and he introduced evidence tending to show, if believed by the jury, that he was to get one half for collecting the account in controversy. Whatever compensation defendant may have had the right to contract for can not avail him on this appeal. The jury has found, under proper instructions, that he did not retain it under a contract of employment, but that he embezzled it as charged.

Defendant also urges that the evidence did not

justify the verdict of the jury.   We have examined the record and find that there was evidence sufficient to justify the finding—at least, the evidence is not sufficiently slight in character to justify us, under the limits which circumscribe an appellate court in reviewing evidence, in overturning the judgment, and it is accordingly affirmed.   All concur.