MARY LLOYD et vir, Respondents, v. MESERVEY, PIERCE & GERMAN, Appellants.

Kansas City Court of Appeals, March 2, 1908.

WITNESSES: False Swearing: Instruction: Material Matter. An instruction that if the jury believe a witness has knowingly testified falsely regarding any fact concerning the case, they are at liberty to regard his whole testimony as false, is condemned, since it permits the jury to disregard the witness's whole testimony merely because he may have sworn falsely to some trivial matter.

Appeal from Jackson Circuit Court.—*Hon. Henry L. McCune,* Judge.

REVERSED AND REMANDED.

*Cameron L. Orr* for appellants.

(1) The petition did not state facts sufficient to constitute any cause of action in favor of plaintiffs and against these defendants. (2) The court erred in overruling defendants objections to the introduction of any testimony under the statement filed by plaintiffs. (3) The court erred in not giving defendants' instruction, in the nature of a demurrer to the evidence, offered at the close of plaintiffs' case, and again at the conclusion of all the evidence. (4) The court erred in giving plaintiffs' instruction number one. Instruction number one is contrary to law in that it tells the jury that they may regard the whole testimony of any witness as false if such witness has knowingly testified falsely

regarding any fact concerning this case, omitting the essential word, "material." White v. Lowenberg, 55 Mo. App. 69; Hansberger v. Railway, 82 Mo. App. 566; Mosesi v. Swift, 15 Nev. 215; Pierce v. State, 53 Ga. 365; McLean v. Clark, 47 Ga. 25; White v. State, 52 Miss. 216; Peak v. People, 76 Ill. 289; 2 Ency. Pldg. and Practice, p. 341.

*Thos. H.* and *Verne D. Edwards* for respondents.

(1)   Instruction numbered 1 given for plaintiffs and complained of by appellants is within the rule of *falsus in uno, falsus in omnibus.* Moett v. People, 85 N. Y. 377; People v. Strong, 30 Cal. 151; Grimes v. State, 63 Ala. 168; 1 Starkie Ev. (1 Sharswood Ed.) 873.

ELLISON, J.—This action was brought against defendants before a justice of the peace for the sum of forty dollars. On appeal to the circuit court plaintiffs had judgment.

The written statement before the justice setting forth plaintiff's cause of action was that defendants were plaintiffs' attorneys and that plaintiffs delivered to them a deed to certain real estate with directions to deliver it to Walcott Calkins in settlement of a compromise agreement between plaintiffs and Calkins, upon the latter paying fifty dollars as per the terms of the compromise. That defendant did deliver the deed to Calkins and receive from him the fifty dollars, which sum is due plaintiffs, less ten dollars as a fee to defendants. That they have demanded the sum of forty dollars from defendants and that they did not pay it.

On the trial of the cause the trial court gave the following instruction for plaintiffs: "The jury are instructed that if you believe any witness has knowingly testified falsely regarding any fact concerning this case, you are at liberty to regard his whole testimony as false."

The instruction is erroneous. The following, taken from our decision in White v. Lowenberg, 55 Mo. App. 69, applies directly to the objection now made, viz.: "It will be noticed that this instruction fails to limit the false testimony to any substantial or material fact in the case. It authorizes the jury to disregard the entire testimony of any witness whom they may believe has sworn falsely as to any statement he may have made, whether it may be some matter properly in the case and affecting its decision, or some matter which may have been inadvertently or improperly drawn out.

Instructions of this nature are not looked upon with much favor by the courts (Iron Mountain Bank v. Murdock, 62 Mo. 74), yet their propriety or necessity in the given case is left largely with the discretion of the trial court. [White v. Maxcy, 64 Mo. 559; State v. Hickam, 95 Mo. 332.] But, when asked in cases where the court deems it proper to give them at all, they should not be drawn so as to suggest to the jury that they might disregard the entire testimony of a witness who had sworn falsely as to some trivial matter, possibly disconnected from the case. The instruction as given in this case is so wide a departure from the form in which such instructions have been approved that we feel constrained to disapprove it."

Complaint is made of another instruction as being interlined in such way as to be illegible. On retrial this may be made so that it can be read. The statement is undoubtedly sufficient in an action begun before a justice of the peace.

The judgment will be reversed and cause remanded. All concur.