THE STATE v. BENJAMIN W. SMALL, Appellant.

Division Two, December 4, 1917.

1. **VARIANCE: Question Not Raised in Trial Court.** The statute (Sec. 5114, R. S. 1909) requires that the trial court be allowed an opportunity to rule on the question of a variance between the proof and the allegations in the indictment, and if the question is not raised in the trial court it cannot be ruled in the appellate court. In this case the indictment charged that the defendant by false pretense obtained "the sum of five hundred dollars lawful money" and the evidence showed that a check for that sum was the medium of payment.

2. **FALSE PRETENSE: Indictment.** No set form of an indictment charging the crime of obtaining money by false pretense can be prescribed. The aspects of such crimes are so variable that only a general or skeleton form can be formulated.

3. ——: ——: **Agent of Defendant.** An indictment which fails to charge that the attorney who transmitted the statement of two women upon which a claim for damages was paid by a railway company, was at the time the agent of defendant in that behalf, is defective. It was further necessary to charge that the attorney in transmitting the statement of the women acted in that behalf at the procurement or upon the instigation of defendant. It was not sufficient to charge that defendant and his accomplices, the two women, consulted and employed the attorney and placed the statement in his hands and that he communicated it to the company.

4. ——: ——: **Purported Statement.** An indictment which charges that an attorney exhibited to the agent of a street railway company a statement, "purported to be the statement" of two women, who falsely claimed to have been injured on said company's street car, and said agent, relying on the false and fraudulent statements communicated to him by the attorney of said women, to be true and being deceived thereby, etc., is defective. It should have charged that the exhibit was an actual statement of the women, and not a "purported" statement.

5. ——: ——: **Ownership: Receivers.** The ownership of street railway property is not by an ordinary court receivership transferred to the receivers, but remains in the company; and an indictment for obtaining money by false pretense is not invalid because it charges that the money fraudulently obtained was the property of the company.

6. ——: **Instruction: Following Indictment.** An instruction which fairly follows a proper and sufficient indictment and the evidence adduced is not erroneous.

Appeal from Jackson Circuit Court.—*Hon. Ralph A. Latshaw*, Judge.

Reversed and remanded.

*Roland Hughes* for appellant.

(1) The indictment nowhere charges that the defendant Small showed Lucas any statement or made to him any representation. It charges that Oldham,

acting as attorney for Denham and Dobbins (not as the agent or attorney for Small), showed Lucas a statement signed by Denham and Dobbins, by which he was induced to pay, etc. It is not charged that Oldham was induced, urged, requested or was expected by defendant Small to show the statement to Lucas. The indictment does not connect in any way the defendant with the act of Oldham in showing this statement to Lucas —the thing which it is charged induced Lucas to pay the money to May Dobbins. People v. Green, 133 Pac. 334. (2) The indictment is bad. (a) It does not allege that the statement exhibited to Lucas purported to contain a true and correct statement of the facts. (b) It does not allege that the statement exhibited to Lucas was false and fraudulent. (c) It does not allege that said statements were made designedly. (d) It does not allege that the statements were exhibited to Lucas by the defendant Small or through Oldham at the direction of defendant Small. (e) It does not allege that Lucas relied upon, was deceived by or was induced to part with the money by reason of any statement or representation of the defendant Small; but, on the other hand, alleges that the representations and statements which moved Lucas to part with the money were made by Oldham. The principal instruction given by the court in this case is also erroneous for the reason that it attempts to, and does, follow the indictment and warrants the jury in finding the defendant guilty, provided they should find and believe that Lucas relied upon the statements made to him by Oldham, without requiring them to find that the statements which Oldham did in fact make to Lucas were made at the instigation of the defendant and as a part of the alleged false and fraudulent scheme to obtain money by false pretenses. (3) The proof does not sustain the allegations of the indictment. (a) The indictment charges that the defendant obtained the money of the Metropolitan Street Railway Company. The proof is that Harvey and Dunham, receivers of the Street Car Company, issued their check to Oldham & Henderson. (b) The

indictment charges that Lucas was attorney for the Metropolitan Street Railway Company. The proof is that in this transaction he was the attorney for the receivers, under the direction of the United States Court. (c) The indictment charges that the claim which Oldham presented was against the Metropolitan Street Railway Company. The proof is that he presented a claim against the receivers for damages done by them in operating the railroad, while in their control. Jamison v. State, 37 Ark. 445. "A charge of embezzlement or larceny of money is not sustained by proof of the embezzlement or larceny of a bank draft or check." State v. Mispagel, 207 Mo. 557; State v. Casselton, 255 Mo. 210; State v. Schilb, 130 Mo. 142; State v. Crosswhite, 130 Mo. 358; State v. Dodson, 72 Mo. 283; State v. Wissing, 187 Mo. 106; State v. Bacon, 170 Mo. 161; Carr v. State, 104 Ala. 43; Carter v. State, 53 Ga. 326; Goodhue v. People, 94 Ill. 37; Weimer v. People, 186 Ill. 503; Hamilton v. State, 60 Ind. 153; Com. v. Weinfield, 45 Mass. 468; Com. v. Wood, 142 Mass. 459; Baker v. State, 31 Ohio, 314; Block v. State, 44 Tex. 620. (4) The allegation that defendant obtained $500 in money from Metropolitan Street Railway Company is not sustained by proof that he received a check from Oldham & Henderson for $250 payable to May Dobbins, which he delivered to her. Leiske v. State, 131 S. W. 1126; same case, 60 Tex. Crim. App. 276; State v. Daniel, 83 S. C. 309; Jamison v. State, 37 Ark. 445. "The allegation of ownership of property obtained by false pretenses in an information for false pretenses is material, and must be proved as laid." Martins v. State, 8 Pac. 709; same case, 17 Wyo. 319; Owens v. State, 83 Wis. 496.

*Frank W. McAllister*, Attorney-General, and *S. E. Skelley*, Assistant Attorney-General, for the State.

(1) The indictment is sufficient. (a) An indictment for obtaining property by false pretenses is sufficient, if the language used sets forth the elements of the

offense, designates the person charged and indicates to him the crime of which he is accused.    11 R. C. L. 857; State v. Smallwood, 68 Mo. 194;. State v. Lichliter, 95 Mo. 405;   State v. Donaldson, 243 Mo. 472;   State v. Foley, 247 Mo. 628; State v. Young, 266 Mo. 730; State v. Loesch, 180 S. W. 878.    (b) It is sufficient to allege in the indictment that the defendant, with criminal intent, designed the commission of the criminal act charged and employed an agent to carry out his purpose. Bishop's New Criminal Law (8 Ed.), secs. 310, 473; State v. Potter, 125 Mo. App. 472;   State v. McCance, 110 Mo. 401;  Nall v. State, 34 Ala. 262;  State v. Bacon, 40 Vt. 456;  Commonwealth v. Sacks, 43 L. R. A. (N. S.) 2, note.   (2) The instructions, as a whole, are properly based on the facts in evidence, cover every phase of the case, correctly and fully state the law applicable thereto and are substantially correct.    State v. Shout, 263 Mo. 375;   State v. Young, 266 Mo. 730;   State v. Loesch, 180 S. W. 878.    (3) This case should not be reversed or remanded because of alleged variance between the allegations of the indictment and the proof.    (a) It is not objected that there is a total failure of proof, nor could there be, as the evidence of defendant's guilt is ample to justify its submission to the jury.    (b) Variance between charge and proof must be raised in and be passed on by the trial court, and cannot be raised for the first time on appeal.    R. S. 1909, sec. 5114; State v. Barker, 64 Mo. 285;   State v. Wammack, 70 Mo. 411;   State v. Sharp, 71 Mo. 221;   State v. Smith, 80 Mo. 520;   State v. Ballard, 104 Mo. 637;   State v. Sharp, 106 Mo. 109; State v. Harl, 137 Mo. 256; State v. Dale, 141 Mo. 288;   State v. Waters, 144 Mo. 347; State v. Decker, 217 Mo. 320;   State v. Starr, 244 Mo. 173;   State v. Foley, 247 Mo. 634.   (c) Under an indictment alleging that defendant, by false pretenses, obtained money of another, proof that he so obtained a check by means of which he accomplished his purpose, is sufficient to sustain said allegation.    Bishop, New Criminal Law (8 Ed.), sec. 483; State v. Foley, 247 Mo. 634.    (d) The receivers of the Metropolitan

Street Railway Company were but officers of the court, appointed to take possession of and manage the property of said company, and were, in effect, mere agents. 1st. Receiver appointed by Federal Court must manage property under his custody according to valid laws of the State where such property is situated. U. S. Compiled Statutes 1913, sec. 1047; 4 Federal Statutes Annotated, p. 386. 2nd. The appointment of a receiver, in the absence of statute, does not vest him with any title to the property in controversy, but merely gives him right to possession. High on Receivers (4 Ed.), secs. 5, 134; Alderson on Receivers, secs. 196, 197; 34 Cyc. 183, 184; Rogers Hdwe. Co. v. Bldg. Co., 132 Mo. 453. 3rd. There is no statute in Missouri vesting title to property under his control in receiver. Rogers Hdwe. Co. v. Bldg. Co., 132 Mo. 453. 4th. The title and ownership of property is undisturbed by the appointment of a receiver or the possession of said property thereby. High on Receivers (4 Ed.), sec. 134; Alderson on Receivers, secs. 4, 196, 197, 198. 5th. In an indictment against a person who has wrongfully taken or procured property in the possession of a receiver, ownership thereof is properly alleged in the name of the original owner. State v. Rivers, 60 Iowa, 381; State v. Coss, 12 Wash. 673. (e) Proof of obtaining, by defendant, property charged, through an agent is sufficient. Kelley's Crim. Law, sec. 23; 1 Bishop's Crim. Law, sec. 264; State v. Potter, 125 Mo. App. 472; State v. Bockstruck, 136 Mo. 350; State v. McCance, 110 Mo. 401; State v. Starr, 244 Mo. 173.

FARIS, J.—Defendant, having been convicted in the criminal court of Jackson County, upon an indictment charging him with obtaining the sum of $500 by false pretenses, and having had assessed against him as punishment therefor imprisonment in the State Penitentiary for a term of four years, after the conventional motions, has appealed.

An attack has been made upon the sufficiency of the indictment in this case. It is necessary therefore to set

it forth in full herein. Formal parts, signatures, and verification omitted, this indictment reads thus:

"The Grand Jurors for the State of Missouri, duly impaneled, sworn and charged to inquire, within and for the body of the county of Jackson, upon their oaths present and charge that B. W. Small, Jennie L. Denham and May Dobbins, whose Christian names in full are unknown to said jurors, late of the county aforesaid, on the 12th day of April, 1915, conspiring, combining and confederating together for the purpose of cheating the Metropolitan Street Railway Company, a corporation organized and existing according to law, of its money, goods, chattels and personal property, did then and there unlawfully, feloniously and designedly with the felonious intent then and there to cheat and defraud the said Metropolitan Street Railway Company, a corporation as aforesaid, of its money, goods chattels, and personal property, represent, pretend and say to one John H. Lucas, the agent, attorney and servant of the Metropolitan Street Railway Company, a corporation as aforesaid, that on the 19th day of December, 1914, the said Jennie L. Denham and May Dobbins were then and there passengers upon a certain line known as the County Club Line of the Metropolitan Street Railway Company, a corporation, as aforesaid, and whilst they were passengers as aforesaid and being transported from a point at or near Forty-third Street and Main Street, to their homes at 1015 Locust Street, in Kansas City, Jackson County, Missouri, said car at or near Twenty-fourth Street and Grand Avenue, Kansas City, Jackson County, Missouri, was brought into violent contact and collision with the car of another company, which was known and designated as the Strang Line, and which said car at that point uses the tracks of the Metropolitan Street Railway Company, a corporation, as aforesaid, and as a result of the collision between the two cars, as aforesaid, that the said Jennie L. Denham and the said May Dobbins were then and there jerked and thrown in such a manner in said car that they received permanent and lasting injuries to their bodies; that their backs were wrenched and strained; that all the internal organs of the said

272 Mo.—33

Jennie L. Denham and May Dobbins were injured; that they received a shock to their entire nervous systems, and as a result of the collision between the said car of the Metropolitan Street Railway Company, a corporation, as aforesaid, and the car of the Strang Line, as aforesaid, they received permanent and lasting injuries as hereinbefore set out.

"And furthering their design to cheat and defraud, they, the said B. W. Small, Jennie L. Denham and May Dobbins, and each of them, did then and there unlawfully, feloniously and designedly employ and consult an attorney at law, to-wit, one Milton J. Oldham, and did then and there place in the hands of the said Milton J. Oldham a statement signed by the said Jennie L. Denham and May Dobbins, setting out the collision between the two cars and the injuries received by them, the tenor and purport of which said statement is to these jurors unknown; and that the said Milton J. Oldham, acting as the attorney for the said Jennie L. Denham and May Dobbins, did then and there communicate to John H. Lucas, the agent, attorney and servant of the said Metropolitan Street Railway Company, a corporation, as aforesaid, and did then and there show and exhibit to the said John H. Lucas said statement, purported to be the statement of the said Jennie L. Denham and the said May Dobbins, setting out that they were then and there passengers upon a Country Club car, as aforesaid, and were on their way back to their homes in northerly direction in Kansas City, Jackson County, Missouri, when said car then and there collided with a car known as the Strang Line car, which uses the said Metropolitan Street Railway Company's tracks at or near Twenty-fourth Street and Grand Avenue in Kansas City, Jackson County, Missouri, where the said collision took place. And the said John H. Lucas, relying on the false and fraudulent statements communicated to him by the said Milton J. Oldham, the attorney and agent of the said Jennie L. Denham and May Dobbins, to be true, and being deceived thereby, was induced by reason thereof, to pay, and did then and there pay to the said May Dobbins the sum of five hundred dollars lawful money of the

United States of the value of five hundred dollars, of the money, goods, chattels and personal property of the said Metropolitan Street Railway Company, a corporation, as aforesaid, and the said B. W. Small, Jennie L. Denham and May Dobbins, by means and by use of the false and fraudulent statements and pretenses so communicated to the said John H. Lucas, the agent, attorney and servant of the said Metropolitan Street Railway Company, a corporation, as aforesaid, by them the said B. W. Small, Jennie L. Denham and May Dobbins, did obtain of and from the said Metropolitan Street Railway Company, a corporation, as aforesaid, the sum of five hundred dollars of the money, goods, chattels and personal property of the said Metropolitan Street Railway Company, a corporation as aforesaid.

"Whereas, in truth and in fact, that on the said 19th day of December, 1914, the said Jennie L. Denham and May Dobbins were not then and there passengers upon a certain line known as the Country Club Line, which said Country Club car collided with a car known and designated as the Strang Line car, at Twenty-fourth Street and Grand Avenue in Kansas City, Jackson County, Missouri; and that the said Jennie L. Denham and May Dobbins were not then and there jerked and thrown in such a manner in said car on account of said collision that they received permanent and lasting injuries to their bodies; that their backs were not wrenched and strained; that all the internal organs of the said Jennie L. Denham and May Dobbins were not injured; and that they did not receive shocks to their entire nervous systems, and that they did not receive permanent and lasting injuries as a result of the collision between the said car of the Metropolitan Street Railway Company, a corporation, as aforesaid, and the car of the Strang Line, as aforesaid, all of which they, the said B. W. Small, Jennie L. Denham and May Dobbins then and there well and truly knew, against the peace and dignity of the State."

The foregoing indictment forecasts the facts in this case, as these facts were shown by the evidence, and this evidence tended to prove the various allegations of the indictment. There was a variance as to the nature of

the property obtained, since the evidence conclusively showed that a check of the receivers of the Metropolitan Street Railway Company formed the medium of payment, instead of lawful money of the United States, as the indictment charged. And, as foreshadowed in the last sentence above, the Metropolitan Street Railway Company was shown by the evidence to have been at all the times set out in the indictment in the hands of certain receivers who were holding and operating the property of said railway under orders of the Federal Court.

Such other facts as we may deem essential to an understanding of the points which we find it necessary to discuss, will be found in our opinion.

The contentions made are numerous. In the view which forces itself on us, it will not be necessary to consider all of these complaints.

I. It is most ably urged that there is upon this record a fatal variance between the proof and the allegations in the indictment, in that the indictment alleges **Variance.** that the property obtained by means of false pretenses was lawful money of the United States; whereas the proof conclusively shows that the thing of value actually obtained was a check for $500. There was, however, nothing said by defendant touching this alleged variance till he got into this court on appeal. He did not raise the question of variance before the learned trial judge even in his motion for a new trial. By the provisions of Section 5114, Revised Statutes 1909, the trial judge must be allowed an opportunity to pass upon the question of fatal variance *vel non.* [State v. Ballard, 104 Mo. l. c. 637.]

The above section does not mean that error may not here be successfully bottomed on the trial court's abuse of the discretion lodged in him, by the provisions thereof. It does, however, require that the error urged be saved by an objection and an exception, or (in a proper situation) by an exception made in the trial court. If such alleged variance be properly and timely called to the attention of the trial court, and he abuse the discretion lodged in him by the above statute, we may then review

his action, and if in such case we find that the trial court should have allowed the variance, we may reverse because he did not do so. But the statute is clear that before error may be in this court bottomed on an alleged variance, the trial court must be first allowed to pass upon that question. Since no such opportunity to pass upon this contention was given to the court *nisi,* it results that this contention must be disallowed.

II. Defendant insists most earnestly that the indictment herein is bad, and that the trial court erred in overruling the motion in arrest, wherein the sufficiency of this indictment was challenged. We think this contention must be sustained. We pointed out in the case of State v. Young, 266 Mo. 723, as succinctly as we were able, the general contents of a sufficient indictment for the crime of obtaining money under false pretenses. Even the tyro at law will keenly appreciate the difficulty, amounting in practice to an impossibility of prescribing any set form for such an indictment. The aspects of such crimes are Protean; scarcely any two cases being found which are alike, as to their constitutive facts. So the best that may be done in prescribing a form for indictments in such cases is to prescribe a general, or skeleton form, which shall merely embrace the necessary general allegations, leaving specificness to be eked out in any particular case by averments of the true facts of such case. Measured by general rules, which we have announced (State v. Young, supra; State v. Fraker, 148 Mo. 143) we are constrained to hold that the indictment here is bad. It fails to aver that Oldham, the attorney through whose hands the false and fraudulent statement was conveyed to the attorney and agent of the Metropolitan Street Railway Company, was at the time of so conveying and transmitting such statement, the agent of the defendant in that behalf. The indictment does charge that said Oldham was, in the fact of transmitting the false and fraudulent statement to one Lucas, the agent and attorney of Jennie

*Indictment.*

Denham, and May Dobbins, who are the accomplices of the defendant in the felony charged; but however sufficient this fact may have been as a matter of proof under the charge of conspiracy, it was not a sufficient charge in the indictment. The indictment also incorrectly charges that the statement transmitted to Lucas merely *"purported"* to be the statement of Jennie L. Denham and May Dobbins. It was necessary that the false and fraudulent statement upon which Lucas was induced to act, and upon which he did act should be *the statement* of Jennie L. Denham, or May Dobbins, and not merely the purported statement of· one, or either, or both of them. Howsoever much an actual statement might have availed to work fraud and deception upon Lucas, it might well be that the law would not permit Lucas to be deceived in a felony case like this upon the color of a mere purported statement. Furthermore the indictment fails to charge that Oldham in transmitting and conveying the statement, or statements, of Denham and Dobbins to Lucas, acted in that behalf upon the procurement or instigation of the defendant. This was a necessary allegation. [State v. Fraker, 148 Mo. 143.] It is true that the indictment avers that defendant and his accomplices consulted and employed one Oldham, an attorney-at-law, and placed the statement in the hands of the latter, and that such attorney of Denham and Dobbins communicated the statement to Lucas. It was necessary to charge in addition to the above that Oldham did all of these things upon the procurement of defendant and defendant's co-indictees. For these reasons we are convinced that the motion in arrest, bottomed upon the insufficiency of the indictment herein, should have been sustained.

III. The contention so strenuously urged upon our attention, that the property obtained by the false pretenses alleged was the property of the receivers of the Metropolitan Street Railway Company,

Ownership. and not that of the above company, as laid in

the indictment, is we think untenable.   For while the proof showed that when the cheat in question was worked on the Metropolitan Street Railway Company, this railway was in the hands of certain receivers appointed by the Federal Court, such latter fact was not, in our view, a variance.  The effect of a receivership ordinarily is not to transfer title to the property of the company under receivership to the receivers. It usually has the effect to change the possession of the property of the company, so that for the purpose of an indictment for larceny or embezzlement, or obtaining money under false pretenses it may become permissible to allege ownership in him who has the possession; yet since it does not usually (and lacking a definite showing to the contrary we must assume this to be the usual sort of ordinary court receivership of a corporation) have the effect to transfer the title of the property of the corporation to the receivers (34 Cyc. 183), the ownership of the property alleged to have been obtained was permissibly averred to be in the company itself.

IV.   Some complaint is made of the instructions; particularly as to instruction one.  We find no defects in this instruction, which are not referable to the insufficiency of the indictment.   The instruction attacked fairly follows the indictment and the evidence adduced. This was proper; but since there were errors in the indictment, these same errors crept into this instruction.   When the indictment is recast in accordance with the views we express herein, we have no doubt the instructions will be recast so as to conform to the necessary changes made in the indictment.

Other errors are called to our attention, but since these are such as will no doubt be avoided upon another trial we need not lengthen these views by a discussion of them.  For the error noted let the case be reversed and remanded for a new trial.

All concur.