STATE of Missouri, Respondent,

v.

Ricky JONES, Appellant.

No. 36444.

Missouri Court of Appeals,
St. Louis District,
Division Four.

July 8, 1975.

Charles D. Kitchin, Public Defender, James C. Jones, Joseph W. Warzycki, Asst. Public Defenders, St. Louis, for appellant.

John C. Danforth, Atty. Gen., Preston Dean, Clarence Thomas, Asst. Attys. Gen., Jefferson City, for respondent.

NORWIN D. HOUSER, Special Judge.

Ricky Jones, convicted by a jury of striking a police officer in the performance of

duties imposed upon him by law, § 557.215, RSMo 1969, V.A.M.S., and committed to the department of corrections for a period of four years, has appealed.

Appellant claims prejudice because the State was allowed to endorse on the information the name of George Millsap, Chief Supervisor of the City Jail, as a witness. Appellant complains that he was given no prior notice that Millsap would testify; was allowed no additional time to prepare to meet Millsap's testimony, and that Millsap's testimony went beyond the limited scope stated by the circuit attorney. After the jury was selected and sworn the assistant circuit attorney stated to the court that Millsap would testify that he obtained a court order to have "the men" (appellant and six other prisoners) removed from the jail (to the police holdover at another address); that Millsap asked the men to go with the sheriff, and when they refused the police were called to take them over; that Millsap would not be a material witness as an eyewitness to the incident. Over objection on the ground that the name of the witness was not endorsed on the information the State was permitted to so endorse and to call Millsap as a witness. He testified that on the day in question he was acting warden, responsible for running the city jail and prisoners; that appellant was a prisoner; and that he obtained a court order from a circuit judge for the purpose of removing appellant and six other prisoners from the jail to the holdover at 12th Street and Clark Avenue. He identified a certified copy of the court order as a fair and accurate copy of the original order authorizing transportation of the seven prisoners to the custody and control of the metropolitan police department. He testified that he advised the prisoners they would be sent over to police headquarters; that the sheriff was supposed to take them over but when the sheriff came the men refused to "come out"; and that the police department was then notified. Appellant did not move to quash the information; claim surprise or prejudice; move for a continuance on the

ground of surprise or ask for additional time to prepare to meet the testimony. The only action appellant took was to make the flat objection that Millsap's name was not endorsed on the information. Under these circumstances appellant waived his right to complain of the testimony given by Millsap. State v. Ferguson, 183 S.W. 336 (Mo.1916); State v. Howerton, 228 S.W. 745 (Mo.1921); State v. Hewitt, 259 S.W. 773 (Mo.1924); State v. Glenn, 262 S.W. 1030 (Mo.1924); State v. Broyles, 317 Mo. 284, 295 S.W. 550 (1927); State v. Broyles, 317 Mo. 276, 295 S.W. 554 (1927); State v. Baker, 318 Mo. 542, 300 S.W. 699 (1927); State v. Wilson, 321 Mo. 564, 12 S.W.2d 445 (1928); State v. Cross, 357 S.W.2d 125 (Mo. 1962); State v. Webb, 432 S.W.2d 218 (Mo. 1968). Furthermore, Millsap's testimony did not go to the commission of the crime charged against appellant. It related in the main to the facts surrounding the obtaining of authority for the law enforcement officers to remove the prisoners from the jail and was generally within the scope of the testimony outlined by the assistant circuit attorney when he made the request to endorse. In this situation we find no prejudice to appellant's rights.

Appellant complains that the court gave an improper additional instruction during the deliberations of the jury. Section 557.215, RSMo 1969, V.A.M.S., provides punishment for any person who wilfully strikes any police officer while engaged in the performance of duties imposed on him by law. The information charged that appellant wilfully and feloniously did wound by striking the arm of Patrolman Martin Heischmidt, a policeman, at the time actively engaged in the performance of duties imposed upon him by law. Instruction No. 4 authorized the jury to convict appellant of striking a police officer upon a finding that appellant wilfully and feloniously struck Patrolman Martin Heischmidt on the arm with a pipe and that at the time Patrolman Heischmidt was a police officer engaged in the performance of duties imposed on him

by law. During their deliberations the foreman of the jury sent the judge a note saying, "I would like to know specifically just what the charge is against Ricky Jones, one, striking a police officer, or, two, striking Patrolman Martin Heischmidt." The court sent back this answer: "The charge is striking a police officer in the performance of duties imposed on him by law."

Citing *State v. Fennewald,* 339 S.W.2d 769 (Mo.1960), appellant points out that the evidence disclosed a melee between fifteen police officers armed with nightsticks and protected by riot helmets and seven prisoners in a narrow catwalk corridor in the jail; that it was a confusing situation with many blows exchanged, resulting in the need for medical attention to the majority of the participants; that under these unique facts by giving the additional instruction appellant's substantial rights were prejudiced, the jurors were confused and misled in their deliberations; that the additional charge in effect changed the specific charge from striking Patrolman Heischmidt to a charge of striking any one of the fifteen police officers; that the change in the identity of the victim directly affected appellant's ability to meet the charge against him.

If in general language the jury had found appellant guilty simply of striking a police officer while engaged in the performance of duties imposed on him by law, without specific reference to Patrolman Heischmidt, a substantial argument might be made that appellant was thereby prejudiced. The jury did not make such a general finding. Instead, the jury found appellant "guilty of striking a Police Officer *as submitted in Instruction No. 4.*" (Our emphasis.) Instruction No. 4 named Patrolman Heischmidt as the victim of the striking. His name appears three times in Instruction No. 4. The wording of the jury verdict clearly shows that the jury was not confused by the additional instruction; that the jury understood the specific charge against appellant and made a specific finding that appellant was guilty of striking this particular officer, and when the jurors were

polled, each juror acknowledged the verdict as his own.

■ Finally, appellant asserts error in the court's refusal to admit evidence that after the melee in the corridor was over the seven prisoners were required to crawl through the corridor on their hands and knees while officers rained blows upon them. Appellant complains that the State introduced evidence (to which appellant did not object) concerning events subsequent to the striking of Patrolman Heischmidt, after the prisoners were subdued and the melee had subsided, and as to the removal of the prisoners from the catwalk; that the State thereby opened up the subject, but appellant was prevented by the court's ruling from presenting evidence regarding these same events so appellant had no way of controverting the State's version of these facts and was handicapped in trying to show that Patrolman Heischmidt was not struck by appellant; that the State should not have been allowed to introduce such testimony and the defendant then prevented from responding in kind. This complaint is appealing but upon analysis of the State's evidence to which appellant points it is clear that he was not prejudiced by the court's ruling. The State's evidence with reference to removal of the prisoners from the catwalk, after the melee subsided, does not relate to the manner in which the policemen treated the prisoners as they emerged. That evidence showed that: the prisoners were eventually "removed" and "taken" to the holdover; several policemen were treated at the hospital (one for a fractured hand; another for a fractured arm) after the prisoners were removed; it took five minutes or less to get the prisoners out of the corridor; all of the prisoners removed from the corridor were taken to the hospital for examination; some of them had minor injuries, and there is a departmental order that whenever violence is used in an altercation between an officer and an arrested subject the latter shall be taken to a hospital and checked. None of the State's

evidence of subsequent events relates to the complaint appellant makes. None of it was of such a nature that contradictory evidence would have assisted appellant in the presentation of an effective defense. Appellant was not restricted but was given every opportunity to present and thoroughly develop his defense. His witness Dexter Davis testified that the prisoners were not armed; the police unit entered the catwalk swinging their nightsticks; in the confusion police officers were hitting each other as well as striking the prisoners; he observed one officer strike another on the arm, and he did not see appellant hitting any police officer. Appellant testified to these same facts and that he was struck by police officers numerous times; he did not hit Patrolman Heischmidt and did not observe Patrolman Heischmidt being struck; both he and Davis required medical attention after they were removed from the catwalk, and all the prisoners were bloody when they were removed. Post-factum evidence of alleged police brutality would have been wholly irrelevant and immaterial to the issues tried.

No error appearing the judgment is affirmed.

SMITH, C. J., and STOCKARD, Special Judge, concur.