COMMONWEALTH *vs.* WILLIAM R. FOSTER.

If one who is employed by the maker of a promissory note, not as a broker, but merely to sell it and receive the proceeds and pay them over specifically to a third person, fraudulently converts them to his own use, he is guilty of embezzlement, although, upon receiving the note, he gave to the maker his own note for the same amount, if it was agreed that his note should be deposited with the third person as a receipt, to be given up to him upon his paying over the said proceeds.

INDICTMENT for embezzlement, found at July term 1870 of the superior court in Suffolk.

At the trial, before. *Wilkinson,* J., John Langley testified that about May 13, 1870, being in need of money, he made two promissory notes payable to his own order and indorsed by himself, payable in four and six months respectively, for $1250 each, and delivered them to the defendant upon the special agreement of the defendant to sell the notes and deliver the proceeds to Nathan A. Langley, a brother of the witness, charging a commission for his services; that at the same time, and as a part of the transaction, the defendant gave to the witness, as receipts, the defendant's own notes of the same tenor and date as those delivered to him by the witness, which were deposited by the witness with his brother, to be by him given up to the defendant when the latter should deliver the proceeds of the witness's notes in pursuance of the agreement before stated; and that he did not know whether the defendant was a broker or not, and did not deal with him as such.

It further appeared that the defendant sold the notes of John Langley to one Wilson for $1000 in cash, and a mortgage on real estate valued at $1000 ; and that he had not delivered any part of the proceeds to John Langley or his brother, but, when asked for them by the former, replied that he had used them and was unable to deliver them. It did not appear that John Langley or his brother had tendered to the defendant the notes given by him.

Upon the close of the evidence for the Commonwealth, the defendant demurred thereto, as insufficient to support a verdict of guilty ; but the judge overruled the demurrer. The defendant then testified that he was a real estate broker; and that he negotiated the notes in the manner testified to by John Langley, and used the money, partly in business as a provision dealer, in which he was also engaged at the time, and partly in paying his debts.

The judge thereupon instructed the jury " that it was a question of fact, for them to decide upon the evidence, whether John Langley employed the defendant as a broker; that if the defendant was employed merely to sell the notes, receive the proceeds and pay over the same specifically to the brother, without any authority to mix them with his own funds, a fraudulent conversion of them would be embezzlement ; but that if he was employed as a broker, to negotiate the notes in the course of his business, with authority, derived from the nature of that business or otherwise, to mix the proceeds as aforesaid, his use of them would not be embezzlement." The jury returned a verdict of guilty, and the defendant alleged exceptions.

*C. R. Train*, for the defendant.

*C. Allen*, Attorney General, for the Commonwealth.

BY THE COURT. Under the instructions given them, the jury must have found that the defendant was an agent within the statute, and embezzled his employer's money. The notes given by him appear to have been given to answer the purpose of receipts, and not for the purpose of transferring to him any property in the notes received by him, or the money received by him on the sale of the notes. *Commonwealth* v. *Stearns*, 2 Met. 343 *Commonwealth* v. *Libbey*, 11 Met. 64. *Exceptions overruled.*