## STATE OF MINNESOTA *vs*. HENRY H. KENT.

### June 21, 1875.

Embezzling—Property Converted must belong to Another than Defendant.—To sustain an indictment, under Gen. St. ch. 95, § 23, for embezzling, or fraudulently converting money or property, the money or property charged to have been embezzled, or fraudulently converted, must be the money or property of *another* than the person indicted.

Same—Fraudulent Conversion by one of two Joint Owners is not Embezzlement.—Defendant was collector of pew rents for a church corporation, and acted as such, under a special and express agreement, by which, as compensation for his services, he was to have "five per cent. of all the pew rents, no matter who collected them." *Held*, that the effect of this agreement was to give defendant an undivided one-twentieth interest in the rents collected, so that the same became the joint property of the corporation and of defendant; and that he was, therefore, not properly indictable, under the section before mentioned, for an alleged embezzlement and fraudulent conversion of the same.

Defendant was convicted in the district court for Ramsey county, *Wilkin*, J., presiding, on an indictment for embezzlement. He appeals from the judgment and the order denying his motion for a new trial.

*Erwin & Pierce*, for appellant.

*Geo. P. Wilson,* Attorney General, and *C. D. O'Brien,* for the State.

BERRY, J. Section 23, ch. 95, Gen. St., enacts that "if any officer, agent, clerk, or servant, of any incorporated company, or if any clerk, agent, or servant, of any private person, or of any copartnership, * * * embezzles, or fraudulently converts to his own use, * * * without consent of his employer or master, any money or property of another, which has come to his possession or is under his care, by virtue of such employment, he shall be deemed to have committed larceny." To sustain an indictment under this section of the statute, the money or property charged to have been embezzled, or fraudulently converted, must be the money or property of another than the person indicted.

The defendant was collector of pew rents for a church corporation, and acted as such, under a special and express agreement, by which, as compensation for his services, he was to have "five per cent. of all the pew rents, no matter who collected them." The effect of this agreement was to vest in defendant an undivided one-twentieth interest in the rents collected, and to that extent to make him an owner of the same jointly with the corporation. In other words, the rents collected were not the money or property of the corporation, but the joint property of the corporation and the defendant. They were, therefore, not the property of *another* than the defendant. It follows that the defendant is not properly indictable, under the section of the statute before cited, for his alleged embezzlement and fraudulent conversion of the same, or any part thereof. *Holmes's Case,* 2 Lewin, 256, cited 2 Archbold Cr. Pr. & Pl. 569, note; *Reg.* v. *Bren,* cited 2 Bish. Cr. Law, § 335, note 3; *Rex* v. *Hoggins,* Russ. & Ryan, 145; *Com.* v. *Stearns,* 2 Met. 343, 349; *Com.* v. *Libbey,* 11 Met. 64; *Com.* v. *Foster,* 107 Mass. 221; 2 Bish. Cr. Law, §§ 355, 356.

This conclusion practically disposes of the case in defendant's favor. Were it necessary for us to pass upon the

other points presented on the argument, we should be much inclined to doubt whether, independent of the agreement, the course of dealing between the corporation and the defendant, by which the former acquiesced in his practice of depositing the rents collected, on his own general account, and of treating the deposits as his own, was not such as to divest the corporation of its specific property in the deposits, and to establish between it and the defendant the simple relation of creditor and debtor. See *Com.* v. *Libbey*, 11 Met. 64; *Com.* v. *Stearns*, 2 Met. 343. If this doubt be well founded, the result would be the same as that before reached upon the construction of the agreement.

Judgment and order refusing new trial reversed.