Owen, C. J.
The indictment charged, among other things, that a co-partnership was formed at the town of Versailles, in Darke county, Ohio, styled “ The Versailles Exchange Bank,” the object of which was to carry on a general banking, deposit, loan and discount business, which it prosecuted for over two years. That it employed Francis Kusnick as its agent and cashier. That it had a paid up capital of $23,000. .That by virtue of his employment as such agent and cashier, there came into the possession of the defendant, Francis Kusnick, $28,000 in money, notes, checks, drafts and bills of exchange, the assets of such co-partnership, which he fraudulently and feloniously embezzled and converted to his own use. The evidence tended to sustain the charges of the indictment and to show that the alleged partnership was a private, unincorporated banking association, formed by a number of persons entering into articles of association, by which the capital stock of the association was fixed at $25,000, divided into 250 shares of $100 each. Each member was to have one vote for each share held by him. The certificates of shares of stock were to be issued and transferred like those of an incorporated stock company. The officers were to consist of seven directors, a president, vice-president and cashier. The cashier was to be chosen by the board of directors and to hold his office during *538 its pleasure. The death of a shareholder did not work a dissolution of the association, but his interest passed to his legal representatives. The defendant, Kusnick, subscribed for, and became the holder of, ten shares of the stock. He paid $200 in cash upon them and gave his note for the balance, $800, which was never paid. To him was confided by the association the entire and exclusive control and custody of its assets and management of its business, subject to such direction as the board of directors by its joint action should from time to time give him. Upon his election as cashier his salary was fixed, and he was required to, and did give a bond with sureties conditioned that as such cashier he would faithfully discharge the duties imposed upon him by reason of the trust in him reposed by the board of directors, and more particularly keep an accurate and j ust account of monies, books and records of the bank, and turn the same, as well as all other property belonging to the bank over, when requested of him by the board, to his successor in office or any other person designated and authorized by the board, and to answer for all losses occasioned through his neglect, etc.
The evidence also tended to show that it was by virtue solely of his employment as cashier, and not by reason of his right as a shareholder, that he came into possession of the assets which he was charged with embezzling. The indictment was framed under section 6842 of the Revised Statutes, which provides that: “An officer, agent, clerk, or employe of any person * * * who embezzles or converts to his own use * * * anything of value which shall come into his possession by virtue of his employment ” shall be punished as for the larceny of the thing embezzled. Section 6794 provides that the word “ person,” when used to designate the owner of any property the subject of any offense, includes not only natural persons, but every other owner of property.
The court directed the jury to return the defendant not guilty. The theory upon which this action was taken is that the banking association was a partnership, and that the defendant, being a holder of shares of the capital of the association, was a partner, and being interested in, and a part owner of, *539 the assets of the association, could not be convicted of their embezzlement, as to constitute that crime the property converted must be wholly the “ property of another.”
The court said to the jury, among other things:
“ People may associate together and constitute a firm, they may name and designate the style of the business or firm, by what name they may see fit to call it, and they would have a right to use the name in bringing suits if they did business under such style. They might sue and be sued under such name; and in partnerships, under the law, the possession of one partner is considered the possession of all, and of each and every partner interested in such firm, association or partnership. Therefore, if half a dozen men or more associate themselves together in a partnership, if one of the partners has possession, it is considered in law that of each and all the others, although they have not actual possession, but that the possession of one is the possession of all of them. Following this fact of partnership, it will be seen at once that although this money may be appropriated, the partnership funds may be in the hands of A., in law it is also in the hands of B., C. and I). Possession of one is the possession of all. It follows that the property being in the possession, and right to the possession of one partner he has just as much right over the property of the partnership as the other, unless by agreement between the parties. And it follows that if such is the possession as heretofore stated, a party who has possession of property as partner, that he could not commit larceny as against that property. He could not and would not be liable under the laws regulating the crime or offense of larceny for taking any such goods or property, because to constitute that crime, the property taken must be the property of another, or the same as in this statute in regard to embezzlement of property or money taken or converted to his own use, must be the property of another person. That is he must have no interest in the property so taken.”
To this action of the court the state excepted, and upon the bill of exceptions taken by the prosecuting attorney, the question of law involved is here for determination.
*540 It is not necessary to a solution of the question before us that we define or discuss the relation which this association or its members sustained to creditors, or whether that relation was that of partners. No rights of creditors intervene here to complicate the question. The only proposition calling for a solution is whether Kusniek’s relation to the assets of this association was such that they were subject to embezzlement at his hands.
It is true that at the common law, to constitute larceny, the thing alleged to have been stolen must be the “ property of another ” person than the offender. It is also true that the statutes of nearly all the states which undertake to define embezzlement, require that the subject of the offense shall be shown to be the “property of another;” and this has almost universally been construed to mean that it must be ^whoRy the property of another. It has resulted that, as a *riile, a member of an ordinary partnership could not be convicted of embezzlement of partnership property. The same rule has been applied in this respect as in the case of larceny. An act passed March 15, 1867 (66 Ohio L. 29), seems to have been framed upon this theory. It provided that if any clerk, agent, or servant of any private person, or of any corporation or co-partnership, shall embezzle or convert to his own use, any money, goods, rights in action, or valuable security or effects belonging to any other person or persons, etc., which shall come to his possession or care by virtue of such employment, etc., shall be punished as for larceny, etc. This peculiar element of this offense, seems, however, to have been eliminated from our law by the enactment under which the present indictment was framed. It simply provides that an agent, etc., who embezzles or converts to his own use “ anything of value which shall come into his possession by virtue of his employment,” shall be punished as for larceny of the thing embezzled. The words, “ property of another,” are omitted. The element of exclusive ownership by-another person is wholly eliminated, and the test of the crime is that the property converted shall come to the hands of the offender by virtue of his employment as agent. If we are to have regard to *541 the plain provision of this statute, the fact that an agent who converts the assets of a corporation to his own use may be interested in them, is not by that fact to be permitted to say that he is the owner of them and cannot be held to answer for converting the “ property of another.” The general ownership was undoubtedly in the association. It was clearly established in the trial below, that by the articles of association to which the defendant became a party, and under which he was chosen its agent and cashier, he had no right, by reason of his relation as a shareholder, to the possession of a dollar of its assets. If it had been within the intent of the members of the general assembly to declare that the very act with which the defendant was charged should constitute the crime of embezzlement, they could not easily have chosen more appropriate language. If this language be accepted at its palpable import, it may, without violence, or any strained construction be held as intended to prevent a mere shareholder in a private business association, who is made its sole manager and the sole custodian of its property, converting to his own use its entire capital and assets, by declaring such conversion to be a crime. The law of embezzlement is statutory. The offense was unknown to the common law. The statutes on this subject differ in the different states. It has been well observed by Bishop in his work on Criminal Law, (2 vol., § 325):
“Seeing that the statutes are numerous and in some respects diverse in their provisions, the practitioner should be cautious about coming to conclusions upon a question under the law of embezzlement, unless, when he examines a decision relied upon, he first sees whether the statute on which it was rendered is, in its terms, the same with the one of his own state.” Griffin v. State, 4 Tex. App. 390, 409.
The cases cited in support of the action of the court below when subjected to this test, fail to meet the question involved. The case of State v. Kent, 22 Minn. 41, upon which most reliance is placed, arose upon a statute declaring the conversion by an agent of “ any money or property of another ” which has come to his possession by virtue of his employment, to be a crime. The case turns upon the words above quoted.
*542 The facts which the indictment charges and which the evidence below tended to establish, considered in the light of the statute under which the prosecution was had, leave no place for the application of the familiar fiction that the interest of a partner in, and his dominion over, the firm property is such that he cannot be guilty of larceny or embezzlement by converting it to his own use. Counsel resisting the allowance of the exceptions cite 1 Wharton Crim. Law, § 1015 where it is said:
“ A prosecution cannot be maintained against members of societies or against partners for embezzlements of this class j because (1) the possession of the particular member or partner is the possession of the whole society or firm; and (2) such members or partners cannot be servants under the act to the firms or societies to which they belong.” The same author says, however, in the same section: “ It is otherwise in eases where the government of a society is vested in trustees, to whom the defendant, as treasurer, is distinctively subject.”
So, in Reg. v. Proud, Leigh & Cave C. C. 97, the prisoner, a member of a friendly society, was employed to receive the weekly payments made by the members. He gave correct receipts to the members, but omitted to enter in contribution and cash books a large number of the sums so received. On being called upon for an explanation, he admitted that he had received the sums so omitted; it was held, that he was guilty of embezzlement.
In Rex v. Hall, 1 Moody C. C. 474, it was held that it is embezzlement in a member and secretary of a society, fraudulently to withhold money received from a member to be paid over to the trustees. In these eases, the defendants had an interest in the property converted, but this interest did not entitle them to its custody or possession.
The action of the trial court proceeded upon the assumption that Kusnick, by reason of his being a shareholder of the association, was a partner in the same, and that he could possess himself of its entire assets, and that conversion of them to his own use, however reprehensible in morals, would not constitute a crime. If this were so, any adventurer, with design upon *543 the money and other assets of the bank, would have only to purchase a share of its capital, and thus armed he could, with impunity, pillage its vaults of their contents and defiantly flaunt his certificate in the face of the law with the declaration that he was a partner and part owner of the property taken, and that he was not, for that reason, amenable to the law; that no man can steal or embezzle property in which he has an interest. This theory, in its application to the case at bar, loses sight of two controlling considerations: (1) The mere ownership of a share did not invest the owner with the right of possession and control of the assets of the association; (2) it was the employment of the defendant as agent and cashier that gave him control of the property converted, and made him the rightful and exclusive custodian of it, and which brought him within both the spirit and letter of the law under which the prosecution was conducted.

Exceptions sustained.