The State v. Henry Miller, Appellant.—300 S. W. 765.

Division Two, December 12, 1927.

*North T. Gentry,* Attorney-General, and *Smith B. Atwood,* Assistant Attorney-General, for respondent.

WHITE, J.—Information was filed in the Circuit Court of Douglas County charging that defendant, September 20, 1925, did "unlawfully and feloniously sell, barter and trade three pints of moonshine to one Victor Davidson for and in consideration of one 30 x 3½ automobile tire."

On trial by jury April 13, 1926, he was found guilty and his punishment assessed at two years in the penitentiary. Judgment followed, from which in due form he appealed.

Evidence offered by the State showed that three young boys, Wess Hameby, Victor Davidson and Leon Hensen, had been convicted and had received jail sentences for stealing an automobile tire on the day of the offense alleged in the charge against the defendant. After serving part of a term of thirty days for which they were sentenced, they were released after five or six days and appeared as witnesses against the defendant. Each testified that the casing which they had been charged with stealing they had traded to the defendant for three pints of liquor which they said was moonshine and made them drunk. There was no objection to their qualification to identify the liquor as moonshine.

In cross-examination the defendant endeavored to show that the boys were released from jail in consideration of their testifying against him. The witness Hameby was asked how he happened to

get out of jail. He said the boys heard that some one had "turned in" the defendant, and then they just told how they got the whiskey from him. It was admitted by the prosecuting attorney that he caused the boys to be released.

The defendant denied that he sold or traded the boys any liquor. He said he found a bottle in Davidson's car; that the boys proposed to trade him the tire for liquor; that he refused and his brother-in-law, one Philip Loveall, made some sort of dicker for the tire. Loveall testified that he bought the tire from the boys for three dollars.

Appellant has filed no brief in this case.

I. The first assignment of errors in the motion for new trial is as follows: "The verdict of the jury is against the evidence and there is no substantial evidence to support the verdict."

The Attorney-General claims that the assignment is not sufficiently specific, and cites the case of State v. Parsons, 285 S. W. 412. In that case the assignment of error held insufficient was as follows: "The verdict is against the evidence and against the weight of the evidence."

To say that the verdict is against the evidence is the equivalent of saying that it is against the weight of the evidence. Those two expressions mean one and the same thing. It is the duty of the trial court to determine whether a verdict is against the weight of the evidence. We do not pass upon it here unless the trial court manifestly has abused its discretion in that respect. The assignment here does not say that the trial court abused its discretion in failing to sustain the motion on that ground.

The remainder of the assignment, that there is "no substantial evidence to support the verdict," is entirely sufficient. That requires an examination of all the evidence, and the objection could not be put in any form with greater particularity which would relieve us of that duty. When it says that there is no "substantial evidence" to support the verdict, it means that the facts constituting the crime have not been proven.

Substantial evidence in this case supports the verdict. The three boys testified positively and directly to the purchase of three pints of moonshine liquor from the defendant. Appellant alleges in his motion that they were "self-confessed thieves," serving jail sentences, and were discharged as an inducement for them to tell. The evidence is not clear as to any bargain between the prosecuting attorney and the witnesses. It shows only that they were released and afterwards testified. If the statement in the motion were correct it would not render them incompetent as witnesses but would affect only their credibility. Nor

584

were they incompetent because they were accomplices of the defendant in the trade. [State v. Asher, 246 S. W. 911; State v. Hayes, 247 S. W. 165.]

II. The information is attacked because it states no violation of law in that it "charges a sale or *barter* and fixed no value in the thing bartered for."

The information charges that the defendant "did sell, barter and trade" three pints of moonshine for an automobile tire. That requires a definition of "sell" to determine whether the words "barter and trade" as used in the information, would merely describe the manner of selling. The word "sell" as defined by Webster's dictionary means "to transfer property for a consideration; to transfer the absolute or general title to another for a price or a sum of money; . . . to dispose of in return for something." And the word "sale" in the same dictionary is defined as a contract whereby the absolute or general ownership of property is transferred from one person to another for a price or sum of money; or, loosely, for any consideration.

These are legal definitions, and mentioned in the encyclopaedias. In the restricted sense, then, "sell" may be distinguished from "trade," but in the broader sense it includes trade or barter. The Legislature enacting the prohibition law (Sec. 21, Laws 1923, p. 242), made it a felony to "sell, give away," etc., moonshine. Evidently in Section 21, the Legislature intended to use the word "sell" in its broad sense, so as to include a disposition for any consideration. We cannot assume that the lawmakers intended to give the word a meaning which would defeat the purpose of the act. They did not intend to prohibit selling and giving away moonshine liquor and allow it to be traded for any consideration other than money. Such a construction would stimulate the ingenuity of dealers to devise sales by indirection and accomplish a flourishing business, permitted by the letter of the law.

Nor does failure to fix the value of the tire traded for invalidate the information. The Statute of Jeofails (Sec. 3908, R. S. 1919) declares an information shall not be invalid "for want of a statement of the value or price of any matter or thing." A trade is a trade if accomplished in consideration of any commodity, whether or not that consideration be of actual pecuniary value to the seller. As a matter of common knowledge, of which we may take judicial notice, an automobile tire has commercial value.

III. Another alleged error is that there was a fatal variance between the evidence and the charge, on the theory that the information charges a sale and proves a trade. If, in fact, the evidence had

not supported the charge, it would have been inadmissible, and on proper objection should have been excluded. But to evidence that a trade was made in exchanging liquor for an automobile tire, no objection was offered. It was too late to object for the first time in the motion for new trial.

The judgment is affirmed. All concur.