THE STATE v. WILLIAM L. GOODWIN, Appellant.—61 S. W. (2d) 960.

Division Two, June 24, 1933.

*Roy McKittrick*, Attorney-General, *John W. Hoffman, Jr.*, and *Wm. Orr Sawyers*, Assistant Attorney-Generals, for respondent.

TIPTON, J.—An information was filed in the Circuit Court of Dunklin County, Missouri, on the eighth day of June, 1931, charging the appellant with the crime of murder in the first degree. On July 16, 1931, the appellant waived arraignment and entered a plea of not guilty. On the same day a jury was empaneled, heard the evidence and on Friday, July 17, 1931, returned a verdict finding the appellant guilty as charged in the information and assessing his punishment at imprisonment in the penitentiary for the term of his natural life. The appellant duly filed a motion for a new trial, which was overruled; judgment was rendered and sentence pronounced in conformity with the verdict of the jury. The appellant has duly appealed to this court; he has filed no briefs in this court and we, therefore, look to the assignment of errors in appellant's motion for a new trial. There were five assignments of error in appellant's motion for a new trial. The first four are as follows:

"First: The verdict of the jury is against the evidence, and there is no substantial evidence to support the verdict.

"Second: The verdict is against the law, as declared in the instructions given by the Court.

"Third: Because the Court erred in refusing to give instruction Nos. 5D, 8D, 2D, and 3D, as asked for by the defendant.

"Fourth: Because the Court erred in giving instructions asked by the State Nos. 3, 5, and 8."

I. With the exception of the following clause in the first assignment of error that "there is no substantial evidence to support the verdict" (State v. Miller, 318 Mo. 581, 300 S. W. 765), the first four assignments are too general to comply with Section 3735, Revised Statutes 1929, and cannot be considered. [State v. Bailey, 8 S. W. (2d) 57, 320 Mo. 271; State v. Bowman (Mo.), 12 S. W. (2d) 51; State v. Francis, 330 Mo. 1205, 52 S. W. (2d) 552.]

II. We believe there is substantial evidence to support the verdict. The appellant admitted that he killed the deceased, but claimed that the killing was justified on the grounds of self-defense. However, the evidence on behalf of the State tended to show that

the deceased was at Mike Murray's cabin on the St. Francis River in Dunklin County owned by Clayton Murray. About three o'clock on the day that the deceased was killed, the appellant came over to this cabin and on the front porch he met the deceased. A conversation ensued in which the deceased asked the appellant, "Are you just now making it in, Bill?" To which question the appellant replied, "Yes, and I have come to kill you." The appellant then pulled his gun and the deceased ran back into the house, at which time the appellant fired two shots at the deceased and a few moments later fired a third shot. The three shots penetrated the body of the deceased. There was testimony on behalf of the State to the effect that the deceased did not in any way attempt to strike or interfere with the appellant nor were there any deadly weapons in the possession of the deceased at the time that he was shot. There is testimony to the effect that after the third shot the deceased and the appellant clinched on the front porch and both fell into the water. The appellant then asked those present to help him get deceased out of the water. One of the men present did so.

▮ We believe that this is substantial evidence to support the verdict. It is admitted by the appellant that he intentionally killed the deceased. It was, therefore, not necessary to show motive. [State v. Dodson (Mo.), 29 S. W. (2d) 60.] There is substantial evidence to show that the killing was in cold blood and, therefore, deliberate; it was thought of beforehand and, therefore, premeditated. This is sufficient evidence for the jury to find the appellant guilty of first degree murder. [State v. Cade, 326 Mo. 1132, 34 S. W. (2d) 82.] In the case of State v. Caviness, 326 Mo. 992, 33 S. W. (2d) 940, l. c. 943, we approved the case of State v. Fields, 262 Mo. 158, 170 S. W. 1132, wherein the court said:

"The rule . . . is that before this court will relieve on the ground that the verdict is not supported by the evidence, there must be either a total failure of evidence, or it must be so weak that the necessary inference is that the verdict is the result of passion, prejudice or partiality."

There is sufficient evidence to sustain the verdict and this assignment of error is overruled.

▮ III. The fifth and last assignment of error is that the information is defective. First. The appellant contends that the information "wholly fails to charge the defendant with the crime that he is being tried for, said information wholly fails to inform the defendant of the crime as by law required." The information follows the well-settled precedent of this State in charging murder in the first degree; it follows Section 3982, Revised Statutes 1929, which defines murder in the first degree. A further examination of the in-

formation will disclose that the information specifically charges the defendant "feloniously, wilfully, deliberately, premeditatedly and of his malice aforethought did kill and murder," which is sufficient to charge the crime of murder in the first degree. [State v. Wilson, 172 Mo. 420, 72 S. W. 696; State v. Heath, 221 Mo. 565, 121 S. W. 149; State v. Meyers, 99 Mo. 107, 12 S. W. 516.]

█ It is next contended that the information is defective in that it is claimed that the prosecuting attorney failed to state upon his "official oath." We believe that there is nothing to this assignment for the reason that the information starts out in this language: "Elbert L. Ford, Prosecuting Attorney, aforesaid, and for the county of Dunklin in the state of Missouri upon his oath as such prosecuting attorney." This shows that this oath was in his official capacity as prosecuting attorney and, therefore, made upon his official oath. Moreover the closing part of the information shows the following language: "Elbert L. Ford, Prosecuting Attorney within and for the County of Dunklin, in the State of Missouri, upon his oath of office as such Prosecuting Attorney," which clearly shows that the information was based upon the official oath as prosecuting attorney.

█ It is next contended that the information is defective because of the omission of the words "County of Dunklin, State of Missouri, on the 23rd day of February, 1931," in the later part of the information. The venue is clearly stated in the body of the information and also on the margin of the information. This is a sufficient statement as to venue. [Sec. 3563, R. S. 1929; State v. Naylor, 328 Mo. 335, 40 S. W. (2d) 1079; State v. Riddle, 324 Mo. 96, 23 S. W. (2d) 179; State v. McDonough, 232 Mo. 219, 134 S. W. 545.] We, therefore, overrule the fifth assignment of error in the appellant's motion for a new trial.

The verdict is in proper form and responsive to the issues. [Sec. 3701, R. S. 1929; State v. Long (Mo.), 253 S. W. 729; State v. Meyers, supra.]

The judgment of the trial court is affirmed. All concur.