STATE v. ELMER R. JANUARY, Appellant.—No. 38973.—182 S. W. (2d) 323.

Division Two, September 5, 1944.

*R. B. Osborn, W. A. Brookshire, Taylor Smith, Sr.* and *W. T. Powers* for appellant; *William P. Elmer* on the brief.

*Roy McKittrick*, Attorney General, and *L. I. Morris*, Assistant Attorney General, for respondent.

BOHLING, C.—Elmer R. January appeals from a judgment imposing a sentence of two years' imprisonment in accord with the verdict of the jury for embezzlement. His chief issue is the sufficiency of the evidence.

The Austin-Western Road Machinery Company, a corporation, held fifty-three unpaid "Road Equipment Fund 256 Reynolds county, Mo.," warrants. Defendant, an attorney, was employed to collect these warrants under a contract. As established it provided that defendant was to receive a cash retainer of $300 and, upon collection, was to remit the principal amount of the warrant to his client, his compensation to be the accrued interest collected on the warrant. This contract, the $300 retainer check, and the warrants were transmitted to defendant by registered mail under date of November 2, 1938; and defendant acknowledged due receipt in writing. Nothing thereafter developed until November 15, 1940, when defendant received the county's check in payment for warrants, Numbers 101, 102, 121, 122, 127, and 128, aggregating the total sum of $1,221.76 of which $1,049.12 was principal and $172.64 was interest. The next day defendant presented the check to a bank and after receiving $275. cash deposited $946.76 to his individual credit. Defendant issued checks against this credit in said bank to such an amount as to reduce said balance to $284.41 as of December 6, 1940. On December 10, 1940, the client had its Mr. O'Farrell call on defendant with respect to the warrants. They talked for an hour. Mr. O'Farrell asked whether the warrants had been paid and the prospects of payment. Defendant informed him none had been paid. He also said there was very little hope for payment and indicated he might purchase the warrants. Upon being asked for an offer, defendant said he would give a $2,000 check, postdated to January 25, 1942, for the warrants. Mr. O'Farrell then called his home office and defendant's $2,000 postdated check was ac-

cepted. Defendant's check not being paid upon presentment, Mr. O'Farrell next called upon him soon after January 25, 1942.

Defendant took the stand in his own behalf and, although he denied committing the offense, his factual testimony on cross-examination established his guilt. He forwarded, according to his testimony, $505.38 to his client in March, 1942, and his testimony indicates he forwarded in April, 1942, an additional $404.39—a total of $910.77.

The point that a submissible case was not made is without merit for several reasons. We shall develop but one. Preliminary thereto, we mention:

■ The contract covering defendant's employment was lost. It had been delivered to the prosecuting attorney for his files. That officer testified the contract disappeared from his files and that thereafter, although he made a diligent search for it, he had been unable to find it. There also was testimony that the client did not have the contract or a copy of it; that notice was given defendant and his counsel to produce defendant's copy of the contract, and that defendant refused to produce on the ground he was not required to do so under the constitution. There was other corroborating evidence. This was sufficient for the admission of secondary evidence with respect to the contract. See 22 C. J. S., p. 1196, Sec. 706; State v. Thompson, 338 Mo. 897, 902 (VII), 92 S. W. 2d 892, 893 [7]. The material provisions of the contract, mentioned supra, were sufficiently established by witnesses having knowledge of the contents.

■ Much is made of the fact defendant purchased the warrants on December 10, 1940. His printed brief states he could not embezzle after December 10th, but might be convicted if peculations occurred between November 15 and December 10, 1940. Judged by defendant's stated standard it is apparent from the statement of facts that defendant embezzled in excess of $700 between November 15 and December 6, 1940.

■ The prosecution was under Section 4471, R. S. 1939. The material provisions read: ". . . if any . . . agent . . . or collector of any incorporated company, or any person employed in any such capacity, shall embezzle or convert to his own use, or shall take, make away with or secrete, with intent to embezzle or convert to his own use, without the assent of his master or employer, any money . . . or effects whatsoever, belonging to any other person, which shall have come into his possession or under his care by virtue of such employment . . . he shall, upon conviction" be punished. The charge against defendant was that he "feloniously did embezzle and fraudulently convert to his own use, without the assent of his employer" certain money; not that he did "take, make away with or secrete, with intent to embezzle or convert to his own use" et cetera. Consult State v. Moreaux, 254 Mo. 398, 411 (VI), 162 S. W. 158, 162 (10).

Defendant's stressed position is technical; viz.: that there can be no embezzlement because under the contract he had an interest in the money collected and because a demand for payment was a condition precedent to any embezzlement. State v. Wise, 186 Mo. 42, 45, 84 S. W. 954, 955, and State v. Knowles, 185 Mo. 141, 164, 83 S. W. 1083, 1088, are cited. These cases refer to 10 Amer. & Eng. Ency. Law (2d Ed.), pp. 985, n. 7, and 987, n. 1, stating, in effect, that one having a joint interest in the property could not be convicted of its embezzlement. The holding in State v. Kent (1875), 22 Minn. 41, 21 Am. Rep. 764, a leading American case so holding, was that where the accused had an interest in the property alleged to have been embezzled such part-ownership prevented his conversion constituting an offense under a statute making it a crime to convert "any money or property of another." This, however, is the minority view. The cited Missouri cases do not so hold. Their observation is that the legislative purpose in enacting then Sec. 1918, R. S. 1899 (now Sec. 4478, R. S. 1939, one of the statutes on embezzlement), was to put an end to the defect in the law which precluded the conviction of one for the embezzlement of property if he had a part interest therein.

Embezzlement is a statutory offense solely. State v. Edwards, 345 Mo. 929, 931[1], 137 S. W. 2d 447, 448[17]. Consequently, the applicable statutory provisions determine the scope of the enactment and measure the given factual situation. The provisions of Sec. 4471, supra, are broad enough to include defendant and the property involved under the facts adduced. Defendant was a person employed in the capacity of a collector for his client and the provision "any money . . . or effects whatsoever, belonging to any other person" covered the principal amount of the warrants collected, the property of the client. Defendant's property rights did not extend to any portion of the principal. His rights were restricted to the accrued interest collected. He may have committed no statutory offense upon converting the accrued interest to his own use; but upon his appropriations extending to the principal amount he converted some money belonging to another within the meaning of the statute. The public policy as evidenced by the statute, the logic of the situation, and the weight of modern authority sustain a conviction in these circumstances. See Commonwealth v. Jacobs, 126 Ky. 536, 104 S. W. 345, 13 L. R. A. (N. S.) 511, 15 Ann. Cas. 1226, and annotations; Annotation to Eggleston v. State, 87 Am. St. Rep. 25(3), 129 Ala. 80, 30 So. 582; State v. McNamara, 128 Conn. 273, 22 Atl. 2d 10, 12[4]; State v. Hanson, 54 S. D. 267, 223 N. W. 55; Page v. Commonwealth, 148 Va. 733, 138 S. E. 510; 18 Am. Jur., p. 576, Sec. 11; 29 C. J. S., p. 693, Sec. 15, c. The relation between attorney and client is one of high trust and confidence, exacting the utmost good faith on the part of the attorney, entitling the client to full information as to his rights and interest and to be so placed as to deal with the attorney at arm's length. In re Conrad, 340 Mo. 582, 598[3], 105 S. W. 2d 1, 10

[5, 6]; Morton v. Forsee, 249 Mo. 409, 155 S. W. 765, Ann. Cas. 1914D, 197; Barrett v. Ball, 101 Mo. App. 288, 73 S. W. 865; 7 C. J. S., p. 973, Secs. 133, 139. Although the agent effecting a collection be entitled to a commission, the fund or mass belongs to the principal until the agent exercises his right and appropriates his commission. Commonwealth v. Hutchins, 232 Mass. 285, 122 N. E. 275, 276 [1, 2]; Commonwealth v. Lannan, 153 Mass. 287, 26 N. E. 858, 11 L. R. A. 450, 25 Am. St. Rep. 629; Holmes, J., writing.

■ The statute is silent with respect to a demand for payment. Demand is no constitutive element of the offense defined. A demand, accompanied by a refusal of payment, merely evidences a conversion. It might have served a purpose had the principal collected remained on deposit. A conversion established by any other competent evidence is effective. Here, upon inquiry, defendant replied that no collection had been made. This tended to establish a conversion. When defendant presented the check given in payment to the bank for deposit to his own credit, there was a technical appropriation. When he proceeded further and converted this deposit to his own use by withdrawing parts of the principal amount collected, the offense defined by the statute was complete. In the instant case there was ample evidence of the conversion without proof of a demand and refusal. Defendant's cited cases recognize this. State v. Porter, 26 Mo. 201, 208(4); State v. McWilliams, 267 Mo. 437, 455(V.), 184 S. W. 96, 100[9]; State v. Moreaux, supra.

■ We find a remark in defendant's printed argument concerning a variance, but no issue respecting a variance was presented to the trial court or attempted to be preserved for review. It is not for review. State v. Fike, 324 Mo. 801, 808, 24 S. W. 2d 1027, 1029[1]; State v. Broyles, 317 Mo. 276, 281, 295 S. W. 554, 557[6]. The only reasonable conclusion in reading this record ■ is that the matter mentioned did not mislead defendant.

■ Defendant's assertion in his motion for new trial that instructions specified only by number were erroneous, without more, is insufficient to preserve any issue with respect thereto. State v. Goodwin, 333 Mo. 168, 169[1], 61 S. W. 2d 960[1]; State v. Rosegrant, 338 Mo. 1153, 1174[9], 93 S. W. 2d 961, 973[20]. The instructions appear fair enough in the respects mentioned in defendant's printed brief when they are read in the light of the evidence and as a whole.

■ Defendant identified three bank drafts and his testimony as a whole indicates each represented remittances by him to the client in 1942. The court admitted two of the drafts in evidence but excluded the other. A general charge of error is made on the exclusion of the one draft, but nothing specific is developed. A sufficient reason for its exclusion is that it, differing from the other two, had not been connected with any transaction between defendant and the client at the time of the offer.

332

■ Another general assignment (in fact most of defendant's points are couched in language too general) relates to the admission of testimony given by a witness whose name was endorsed during the progress of the trial because, as asserted, the court permitted the endorsement for a limited purpose. The point in the brief departs from that mentioned in the motion for new trial. Be that as it may, our reference to the record discloses that the court did not impose limitations upon the scope of the witness' testimony and, further, that the prosecutor disclosed his intention to inquire concerning the matter mentioned in the defendant's brief. The record refutes the contention.

The judgment is affirmed. *Westhues* and *Barrett, CC.,* concur.

PER CURIAM:—The foregoing opinion by BOHLING, C., is adopted as the opinion of the court. All the judges concur.