261 S.W.2d 65 (1953)
STATE
v.
GADDY.
No. 43576.
Supreme Court of Missouri, Division No. 1.
October 12, 1953.
*67 Tom A. Shockley, Waynesville, for appellant.
John M. Dalton, Atty. Gen., Grover C. Huston, Asst. Atty. Gen., for respondent.
VAN OSDOL, Commissioner.
Defendant was charged with the crime of assault with intent to kill with malice aforethought, Section 559.180 RSMo 1949, V.A.M.S., and convicted of assault with intent to kill without malice aforethought, Section 559.190 RSMo 1949, V.A.M.S. State v. Parrish, Mo.Sup., 214 S.W.2d 558. Punishment was assessed by the jury at two years in the State penitentiary, and defendant has appealed from the ensuing judgment.
Defendant-appellant has filed no brief in this court, and we shall examine the fourteen assignments of error set forth in the motion for a new trial in order to determine disposition of the case upon this review.
We first treat with the assignment that "the State's evidence is insufficient to sustain the conviction herein."
There was substantial evidence introduced tending to show that on April 5, 1952 one Ben Blair, the prosecuting witness, seventy-three years of age, went to the home of John and Florence Tyler just without the corporate limits of the City of Rolla and was admitted to the Tyler home. There were present in the Tyler house John Tyler and Florence, his wife; one Boyd Stewart; and defendant Vernon Gaddy, his wife Margaret Loretta, and their three small children. Mrs. Tyler was the mother of defendant. Previously, the evening of April 3d, the Tylers and defendant were visiting in the Blair home. Defendant became very angry at Blair during a conversation in which defendant's mother expressed anxiety as to the safety of defendant's children who had been exposing themselves to the danger of automobiles passing in the street. Blair testified that, having entered the Tyler house, April 5th, "I was standing there. Vernon (defendant) got up. He had a bottle in his hand. I didn't think he * * * really meant anything by it until I seen what he meant to do * * * he just got up and he says, "I am goingwhen he hit me I am going to get you,' something that way." Blair fell to the floor unconscious. He suffered a wound with profuse hemorrhage on the left side of his face and neck requiring extensive suture. The wound extended from the corner of the mouth parallel with the ramus of the lower jaw. The ear was lacerated, and the lower part of it was so torn that it could be lifted away from the side of the neck. Having regained consciousness, Blair left the Tyler house. He was pursued by defendant who again attacked him and got him "down on the road." Defendant, upon arrest, admitted he had struck Blair with a beer bottle; and again defendant, testifying as a witness, admitted striking Blair with the bottle but said he did so to protect his wife from criminal assault. We are of the opinion that these facts are sufficient evidence of the crime of which defendant was convicted. State v. Hacker, Mo.Sup., 214 S.W.2d 413.
Defendant assigned error "in giving to the jury instructions numbered 3 and 4." This assignment is insufficient to preserve any contention of error with respect to the numbered instructions. State v. January, 353 Mo. 324, 182 S.W.2d 323; State v. Goodwin, 333 Mo. 168, 61 S.W.2d 960. Likewise, the assignment that the "verdict of the jury is against the evidence and the law in this case" is insufficient because too general. It has been the mandatory requirement of statute, Section 547.030 RSMo 1949, V.A.M.S., and now of Court rule (Supreme Court Rule *68 27.20), that the motion for a new trial "must set forth in detail and with particularity" the specific grounds or causes therefor. State v. Burks, Mo.Sup., 257 S.W.2d 919; State v. Boyd, Mo.Sup., 256 S.W.2d 765; State v. O'Brien, Mo.Sup., 252 S.W. 2d 357.
Defendant-appellant's assignment of error that the trial court erred in refusing to grant defendant a continuance is overruled. We believe the trial court did not abuse its discretion in refusing the continuance. The application was not verified and contained no allegation that defendant believed the facts which were stated could be proved by the absent witness were true. The application was insufficient under the statute, Section 545.720 RSMo 1949, V.A.M.S., and Supreme Court Rule 25.08. State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077; State v. Dalton, Mo. Sup., 23 S.W.2d 1.
In four of defendant-appellant's assignments of error it is asserted that, prior to trial, a "protective association" had been organized in Phelps County, which organization had taken the enforcement of the law into its own hands and had so intimidated jurors, including those selected in this cause, that the defendant did not have a fair and impartial trial. These statements of fact in the motion for a new trial did not prove themselvesthe motion for a new trial was not verified, and there was no substantiation in the record of the facts asserted. The assignment must be overruled. State v. Henderson, 356 Mo. 1072, 204 S.W.2d 774; State v. Jacobson, 348 Mo. 258, 152 S.W.2d 1061, 138 A.L.R. 1154. Defendant-appellant's motion further stated that one of the jurors reported to the prosecuting attorney that the jury assessed the punishment at imprisonment in the State penitentiary because some of the jurors had thought that if the defendant were fined "he would have to lay the fine out in jail" at the cost of Phelps County, whereas if he were sent to the penitentiary the State would have to bear the expense. It is said that a juror may not impeach his and the jury's verdict. State v. Ferguson, 353 Mo. 46, 182 S.W.2d 38.
Defendant-appellant complains in his motion for a new trial that the trial court erred in permitting the prosecuting witness to testify of certain conversations with defendant's mother, stepfather, and Boyd Stewart in defendant's presence prior to the assault of which defendant was convicted. The Tylers and Stewart were killed in an automobile accident prior to trial. When introduced, only a general objection was made to the testimony relating to the conversations. Later in the trial, it was stated by defendant's counsel that Section 491.010 RSMo 1949, V.A.M.S., is applicable; and it is now assigned that, for that reason, the testimony of the conversations with such decedents was erroneously admitted into evidence, and prejudicial. But it is held that an assignment of error should be founded upon objections and grounds therefor as stated at the time the testimony is introduced. State v. Slaten, Mo.Sup., 252 S.W.2d 330.
It was not error for the trial court to permit a state highway patrolman to identify exhibits, photographs of the prosecuting witness taken while in the hospital, particularly where, as here, the trial court sustained defendant's objection to the introduction of the exhibits into evidence, and defendant requested no further ruling. It is stated in defendant's motion that, although the exhibits were excluded by the trial court, the jury nevertheless saw them. The transcript of the record does not in any way indicate that the jury saw the pictures and, as we have said, the statements of fact in the motion for a new trial do not prove themselves. The trial court did not abuse its discretion in sustaining the State's objection to defendant's question of the prosecuting witness relating to an accusation that the prosecuting witness had committed an assault on some woman other than defendant's wife. And assigned errors of the trial court in permitting the prosecuting attorney to make assertedly prejudicial argument to the jury *69 cannot be examined here because the arguments of counsel were not included in the transcript on appeal.
We have further determined that the information was sufficient, and the verdict was in proper form and responsive; and, having also seen in the record that allocution was afforded and judgment and sentence duly pronounced, we are of the opinion the judgment should be affirmed.
It is so ordered.
LOZIER and COIL, CC., concur.
PER CURIAM.
The foregoing opinion by VAN OSDOL, C., is adopted as the opinion of the court.
All of the Judges concur.