**STATE of Missouri, Respondent,**

v.

**Lewis Elbert JACKSON, Appellant.**

No. 49821.

Supreme Court of Missouri,

Division No. 2.

Oct. 14, 1963.

Lee Vertis Swinton, Kansas City, for appellant.

Thomas F. Eagleton, Atty. Gen., Paul N. Chitwood, Asst. Atty. Gen., Jefferson City, for respondent.

STOCKARD, Commissioner.

Lewis Elbert Jackson was found guilty by a jury of robbery in the first degree. Section 560.120, RSMo 1959, V.A.M.S. After finding that the defendant had previously been convicted and sentenced for the offenses of burglary and grand larceny, as alleged in the amended information, punishment was fixed by the trial judge at imprisonment for twenty-five years. Sentence and judgment followed, and defendant has appealed to this court.

Defendant has filed no brief in this court. In this situation we review all assignments of error properly preserved in the motion for new trial. A brief summary of the facts which a jury reasonably could find from the evidence will suffice.

On May 12, 1962 William R. Raymond was assaulted and knocked down by two men, one of whom was the defendant. Raymond attempted to escape and ran into the hallway of an apartment building but defendant and his companion followed him

and continued to assault him. Raymond was knocked to the floor, and by reason of the vicious beating and stomping administered by defendant and his companion, he was caused to lose an eye. Between seventy and seventy-five dollars was taken from Raymond's person.

■ The motion for new trial contains three assignments. The first is, "Because the court erred in giving instruction No. 2 over the objection of the defendant." This assignment is totally inadequate to preserve anything for appellate review under Supreme Court Rule 27.20, V.A.M.R. It fails to set forth with particularity the specific reason why it is contended the instruction is erroneous. See State v. Martin, Mo., 347 S.W.2d 680; State v. Brewer, Mo., 338 S.W.2d 863.

■ The second assignment is, "Because there is no evidence adduced from the witness that the defendant had any of the money allegedly taken in the robbery." It is not known who is referred to by "the witness." Four witnesses testified. The evidence clearly authorized a finding by the jury that defendant and another person assaulted and robbed William R. Raymond of seventy to seventy-five dollars. The following day when defendant was arrested he had only a few dollars on his person. This was a factual matter which could be argued to the jury on the issue of defendant's guilt, but the fact that there was no proof that at the time of his arrest he had in his possession some of the money taken from Raymond does not constitute a defense as a matter of law. This assignment is without merit.

■■ The third and last assignment is, "That the punishment assessed by the court is excessive." The permissible punishment for the crime of which the defendant was found guilty is imprisonment in the penitentiary for a term of not less than five years. Section 560.135 RSMo 1959, V.A.M.S. The punishment imposed is within

the statutory limits, and in such event an assignment in a motion for new trial only that the punishment is excessive presents nothing for appellate review. We note that the trial judge advised defendant that he had fixed the punishment at imprisonment for twenty-five years because "you are a second offender," and because "you not only robbed this man, * * * but you or the other man—we don't know which—beat him and stomped him and finally somebody stomped his right eye out, * * *. It was an act of violence and not only of robbery. You weren't satisfied to take this man's money, but you destroyed his eye. You made a cripple out of him for the rest of his life."

Pursuant to our discretionary authority to determine whether there occurred plain error affecting substantial rights, Supreme Court Rule 27.20(c), V.A.M.R., we have carefully read and examined the entire transcript, and our examination discloses no such error. We have also examined those matters in the record for which no assignment of error is required. Supreme Court Rule 28.02, V.A.M.R. The information is in proper form and sufficient. The verdict of the jury is in proper form and is responsive to the issues, and as above noted the punishment fixed by the trial court is within the limits prescribed by law. The record shows that the defendant was arraigned and pleaded not guilty. Defendant was granted allocution, and the judgment is responsive to the issues and the verdict.

The judgment is affirmed.

BARRETT and PRITCHARD, CC., concur.

PER CURIAM.

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.