STATE of Missouri ex rel. Frances P. STURM, John T. Sturm, John P. Sturm, and John T. Sturm, Guardian of Frances Jane Sturm, a minor, Relators,

v.

Emery W. ALLISON, Judge of The Circuit Court of Phelps County, Respondent.

No. 50697.

Supreme Court of Missouri, En Banc.

Dec. 14, 1964.

Cox, Cox, Cox & Moffitt, Harvey B. Cox, William A. Moffitt, Jr., St. Louis, Breuer, Northern & Crow, Eugene E. Northern, Rolla, for relators.

H. Jackson Daniel, Jerome F. Raskas and Bernard A. Ruthmeyer, Jr., St. Louis, and Dewey Routh, Rolla, Guilfoil, Caruthers, Symington, Montrey & Daniel, St. Louis, Routh & Turley, Rolla, for respondent Emery W. Allison.

STORCKMAN, Judge.

This is an original proceeding to prohibit the respondent circuit judge from enforcing an order alleged to be in violation of a mandate of this court. The question presented is whether this court's opinion and mandate issued pursuant thereto precluded the respondent from undertaking for the second time to rule on a motion for new trial and from granting a new trial on a ground of the motion other than the one specified in the court's first ruling.

The relators were the plaintiffs in an action filed in the Circuit Court of Phelps County to contest the will of Walbridge H. Powell dated April 1, 1959, and a codicil thereto dated November 6, 1959. The verdict of the jury was in favor of the validity

of the will but found that the paper writing dated November 6, 1959, was not a valid codicil to the will of Mr. Powell. Judgment was entered accordingly and thereafter the proponents-defendants filed their motion for judgment in accordance with their motion for a directed verdict or, in the alternative, for a new trial.

The respondent took up the defendants' motion for judgment or, in the alternative, for a new trial, set aside the verdict of the jury and further ruled and ordered that "defendants' Motion for Judgment in Accordance with their Motion for directed verdict at close of case [be] sustained, and Judgment [be] rendered that said codicil is the codicil to Last Will and Testament of Walbridge H. Powell, deceased; and further ordered that if this judgment be reversed on appeal, then defendants' Motion for New Trial as to said codicil [be] sustained and defendants [be] granted new trial thereon. It is further ordered that this judgment is on the ground that jury verdict is not supported by substantial evidence; and in event new trial is given, same is on same ground."

In due course the plaintiffs (relators herein) filed their notice of appeal to this court which notice stated that the plaintiffs "hereby appeal to the Missouri Supreme Court from the order of this Court setting aside the verdict and judgment heretofore entered in favor of plaintiffs and sustaining defendants' Motion for Directed Verdict at Close of Case and entering judgment that said codicil is the codicil to the last will and testament of Walbridge H. Powell, deceased, and *further appeals from the order sustaining defendants' Motion for New Trial and granting defendants a new trial* if this Court's judgment that said codicil is the codicil to the last will and testament of Walbridge H. Powell, deceased, is reversed on appeal". Italics added.

This court did reverse the order and judgment of the trial court and remanded the cause with directions to reinstate the verdict and judgment originally entered

thereon. The court's opinion is Sturm v. Routh, Mo., 373 S.W.2d 922, to which reference is made for all matters considered and decided. For present purposes, it is sufficient to say that this court found that "substantial evidence was adduced which supported the verdict of the jury" on the issue of whether the testator possessed sufficient mental capacity to execute the codicil. 373 S.W.2d 928. The concluding paragraph of the opinion is as follows: "For the reasons heretofore discussed the judgment is reversed and cause remanded with directions to reinstate the verdict and judgment to the effect that the paper writing dated November 6, 1959, is not the codicil to the last will and testament of testator." 373 S.W.2d 930.

The mandate of this court, among other things, stated: "It is further considered and adjudged by the Court that the said cause be remanded to the said Circuit Court of Phelps County for further proceedings to be had therein, in conformity with the opinion of this Court herein delivered". After the mandate was filed in the circuit court, the respondent judge entered this amended order and judgment on March 6, 1964: "Mandate of Supreme Court ordered of record and verdict and judgment to the effect that paper writing dated November 6, 1959, is not the codicil to the Last Will and Testament of testator is reinstated. Defendants granted new trial on ground jury verdict finding codicil dated November 6, 1959 to the Last Will and Testament dated April 1, 1959, of Walbridge H. Powell, deceased, is against the greater weight of the credible evidence." The relators promptly filed their petition for a writ of prohibition and our provisional rule in prohibition was issued.

The issue presented is whether the respondent judge had jurisdiction on remand to consider anew the alternative motion for new trial and to grant the defendants a new trial on another ground. Essentially, the respondent's theory is that the respondent's first attempt to rule on the defendants' alternative motion for a new trial was

without legal effect, that the effect of the ruling was not decided on appeal, that the defendants were entitled to have the motion ruled, and on remand the circuit court was vested with jurisdiction to dispose of the motion and to exercise its discretion in doing so. This theory is based on the contention that the alternative motion for a new trial did not specify as one of its grounds "that [the] jury verdict is not supported by substantial evidence" and since the ruling was made more than thirty days after judgment was entered the "respondent's ruling on the alternative motion for a new trial was a nullity, the question was left open until this case was remanded to respondent by the Supreme Court." Loveless v. Locke Distributing Co., Mo., 313 S. W.2d 24, is no authority for respondent's contention because, among other reasons, the motion for new trial in the instant case sufficiently specifies the ground upon which the new trial was first ordered.

In their aftertrial motion for judgment, the defendants requested that the verdict of the jury be set aside and that judgment be rendered in accordance with their motion for a directed verdict. The refusal to direct the verdict was also one of the grounds specified in the alternative motion for a new trial. This specification is as follows:

"(d) Because the Court erred in refusing defendants' Motion for a Directed Verdict on (1) the issue of undue influence, and on (2) the issue of unsound mind at the close of all the evidence."

The motions for a directed verdict alleged that the plaintiffs "have introduced no evidence which would tend to show that the said Walbridge H. Powell" was of unsound mind or to show that he did not execute the paper writings in the manner required by law. The allegation that there was a failure of proof was equivalent in legal effect to an assertion that no substantial evidence had been adduced and that a jury verdict finding mental incapacity or undue influence would not be supported by evidence. Cupples Hesse Corporation v.

State Tax Commission, Mo., 329 S.W.2d 696, 701–702 [14]; State v. Whitaker, Mo., 275 S.W.2d 316, 319 [10, 11]; State v. Miller, 318 Mo. 581, 300 S.W. 765, 766 [3]. The respondent evidently so understood the effect of the assignment of error in view of the language used in ruling both the motion for judgment and the alternative motion for a new trial. It must have been so understood by the parties because the issue litigated and determined in the supreme court was whether there was substantial evidence to support the verdict of the jury. The statement in the motion for new trial that the court erred in refusing to sustain the motion for a directed verdict could only mean that the defendants were alternatively requesting a new trial on the ground that the jury verdict was not supported by substantial evidence. The ground upon which the motion was first ruled and a new trial granted was sufficiently specified.

■ Since it is the policy of the law to dispose of motions for judgment and for a new trial together, it was the duty of the trial court, after setting aside the verdict and judgment and entering judgment for the defendants, to rule the motion for new trial in the alternative. State ex rel. and to Use of Hickory County v. Davis, Mo., 302 S.W.2d 892, 897 [8]; Dawson v. Scherff, Mo., 281 S.W.2d 825, 830–831 [5]; S.Ct. Rule 72.02, V.A.M.R.

■ Where the trial court grants a new trial on specified grounds, it in effect overrules all other grounds stated in the motion for new trial. Burnett v. Johnson, Mo., 349 S.W.2d 19, 24 [6]; Loveless v. Locke Distributing Co., Mo., 313 S.W.2d 24, 32 [11]; Heggeman v. St. Louis Public Service Co., Mo.App., 255 S.W.2d 99, 102 [1].

■ Where the grounds specified by the trial court for granting a new trial are shown to be inadequate on appeal, the burden is on the party who obtained the new trial to demonstrate that there are other grounds in the motion for new trial sufficient to uphold the order. Overton v. Tes-

son, Mo., 355 S.W.2d 909, 913 [5]; White v. St. Louis Public Service Co., 364 Mo. 111, 259 S.W.2d 795, 798 [2]; Goodman v. Allen Cab Co., 360 Mo. 1094, 232 S.W.2d 535, 537 [1,2]; Schroeder v. Rawlings, 344 Mo. 630, 127 S.W.2d 678, 683 [8]; Smith v. Kansas City Public Service Co., 328 Mo. 979, 43 S.W.2d 548, 554 [14]; S. Ct. Rule 83.06(b), V.A.M.R.; § 510.330, RSMo 1959, V.A.M.S. Moreover, where the order granting a new trial does not so specify, it shall never be presumed that the new trial was granted on discretionary grounds. S.Ct. Rule 83.06(c). The defendants as the respondents on appeal did not undertake to justify the judgment and ruling of the trial court on any ground other than lack of substantial evidence to support the verdict. See Sturm v. Routh, Mo., 373 S.W.2d 922.

██ When this court ruled there was substantial evidence to support the verdict, it necessarily invalidated the reason assigned for sustaining the alternative motion for new trial as well as the reason for rendering judgment in accordance with the motion for a directed verdict. No complaint was made in this court that all issues had not been decided. The remand with directions to reinstate the verdict and judgment entered thereon must be viewed in that light. Where a case is remanded, the opinion of the appellate court is a part of the mandate and further proceedings in the trial court should be in accordance with the opinion rendered whether or not the trial court is expressly so admonished. Sebree v. Rosen, Mo., 374 S.W.2d 132, 136 [2]; Abrams v. Scott, 357 Mo. 937, 211 S.W.2d 718, 721 [1]; Dalton v. Johnson, Mo.App., 341 S.W.2d 596, 600 [3].

█ Where the supreme court remands a cause with specific directions, the trial court is required to render judgment accordingly and has no power to modify, alter, or amend, or in any manner to depart from the opinion and mandate of the supreme court, and proceedings in trial court contrary thereto are void. Morrison v.

Caspersen, Mo., 339 S.W.2d 790, 792 [2]; Prasse v. Prasse, 342 Mo. 388, 115 S.W.2d 807, 809 [5]; Scheufler v. Lamb, Mo., 169 S.W.2d 913, 914 [2]; 5 Am.Jur.2d, Appeal and Error, § 991, p. 417.

The previous opinion of this court disposed of all issues necessary to a holding that the trial court erred in sustaining the defendants' motions for judgment and for a new trial. The directions on remand were specific, and the respondent was without jurisdiction to rule further on the motion for new trial and his acts purporting to do so are void. The respondent's sole jurisdiction is to conclude the case in accordance with this and the previous opinion.

The provisional rule in prohibition is made absolute.

All concur.