**STATE of Missouri, Respondent,**

**v.**

**Tommy Lee RANSBURG, also known as Tommy Ransberry, Appellant.**

No. 56016.

Supreme Court of Missouri, Division No. 2.

May 10, 1971.

John C. Danforth, Atty. Gen., Charles A. Blackmar, Asst. Atty. Gen., Jefferson City, for respondent.

James L. McMullin, Legal Aid and Defender Society of Greater Kansas City, Kansas City, for appellant.

STOCKARD, Commissioner.

By indictment appellant Tommy Lee Ransburg was charged with assault with intent to kill with malice aforethought, but was found guilty by a jury of assault with intent to kill without malice. The jury could not agree on the punishment and the court determined and assessed the punishment at imprisonment for a term of five years.

From the evidence offered by the State, the appellant having offered none, a jury reasonably could find that the following occurred.

On the night of September 22, 1969, Robert Isaiah, Louis Gordon and Charles (Cowboy) Anderson drove to Eighteenth and Prospect Streets in Kansas City where they purchased some beer. They there met appellant and Floyd Foster who asked for, and were given, a ride to Twenty-third and Prospect Streets to the house of Earl Garnett. However, Garnett was not at home, and appellant asked Gordon to drive him to an address on Virginia Street. When Gordon replied that he was out of gasoline, appellant became angry and shot him in the head. Gordon then ran into a house and appellant followed him, kicked down the door, and then jumped on him. This evidence constituted a submissible case of the offense of which appellant was found guilty.

Appellant asserts error in that during the second day of the trial the court permitted the endorsement on the indictment of the name of Donald Lyons, an expert witness, who later testified concerning the value of a paraffin test.

The addition by the State of a name to the indictment is within the sound discretion of the trial court, and an appellate court cannot conclude that the discretion was abused in the absence of a showing of prejudice. State v. Moore, Mo., 428 S.W.2d 563. Appellant does not attempt to demonstrate prejudice and the court's action in permitting the indorsement, and permitting the witness to testify, was not error. State v. Goodpaster, Mo., 438 S.W.2d 256.

Appellant next asserts as error the acceptance in evidence of a pathologist's report. The report is not identified, and we are unable to find where any such report was offered or received in evidence.

Appellant requested and submitted an instruction pertaining to the presumption of innocence which was refused. However, Instruction No. 6, which was given, covered that subject, and the form and substance of that instruction has previously been approved, and is not challenged by appellant. Therefore, it was not error to refuse the requested instruction.

Appellant next asserts that his conviction was the result of bias and prejudice of an all white jury. The record shows that a panel of forty jurors was called, but the voir dire examination is not

in the transcript. How many of those on the panel were colored is not shown. In fact, the record does not show that the jurors finally selected were all white, and defendant made no objection to the jury prior to or during the trial. The burden to establish discrimination is on appellant. State v. Amerison, Mo., 399 S.W.2d 53. Assuming that appellant did not waive any possible objection to the composition of the jury, he now makes no attempt to demonstrate prejudice or discrimination. This issue is governed by the ruling of this court in State v. Davison, Mo., 457 S.W.2d 674.

 Appellant also asserts that the punishment is excessive. However, it is within the statutory limits, and such bare assertion presents nothing for appellate review. State v. Jackson, Mo., 371 S.W.2d 309.

 Appellant next asserts that the court erred in receiving the testimony of Robert Isaiah because it was perjured and he was intoxicated, and in receiving the testimony of Ronnel Marshal because he was a convicted felon. No objection was made to the testimony of either witness on the basis now advanced. Conviction of a felony does not result in a witness being disqualified to testify, State v. Miller, 318 Mo. 581, 300 S.W. 765, and there is nothing in the record to support the other contentions.

 Appellant objects to instructions pertaining to the credibility of witnesses, intent, and reasonable doubt. He also objects to the verdict directing instructions submitting assault with a dangerous and deadly weapon with malice aforethought, and submitting assault with a dangerous and deadly weapon without malice aforethought. No reason is assigned as to why these instructions are believed to be erroneous, and no case is cited. As to the instruction submitting the assault with malice aforethought, appellant was not found guilty of that offense, and therefore cannot complain about it. However, it and all the others are in the form and of the substance of instructions which have many times been approved. There is no occasion to set them out and discuss them further. No error has been demonstrated.

 Appellant's last contention is that it was error to instruct the jury that if it found appellant guilty but could not agree on the punishment the court would assess the punishment. State v. Brown, Mo., 443 S.W.2d 805, authorizes the giving of this instruction at the time it was given.

The judgment is affirmed.

BARRETT, and PRITCHARD, CC., concur.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

All of the Judges concur.